STATE ex rel. CALVIN A. DAHLGREN v. THOMAS T. RILEY.[1]

January 7, 1910.

Nos. 16,494—(237).

**Second Arrest for Offense.**

Relator was in attendance upon the district court of the county in which a crime charged against him was alleged to have been committed, and in compliance with prior proceedings, in all things regular, by which he was held by a committing magistrate to await the action of the grand jury at that term of court; and while so in attendance at such court for the purpose stated, and before the grand jury had acted upon his case or been discharged, a second warrant was issued against him, by which he was charged with the same offense. He was arrested and taken before a magistrate, when the hearing was continued to a time stated in the future. *Held*, on habeas corpus to secure relator's discharge from the second arrest, that it was irregular and unlawful, and that the court below rightfully discharged him therefrom.

Relator petitioned the district court for Itasca county for a writ of habeas corpus directed to Thomas T. Riley, as sheriff of that county. The writ was issued, and return to it having been made, after hearing, the court, Stanton, J., ordered that relator be discharged from the custody of the sheriff. From that order, respondent appealed. Affirmed.

*Frank F. Price*, County Attorney, for appellant.
*Thwing & Rossman*, for respondent.

[1]Reported in 124 N. W. 13.

BROWN, J.

On April 30, 1909, relator was arrested under a warrant charging him with illegal voting at the preceding November election, and taken before an examining magistrate for a hearing. He formally waived examination, and was duly held to await the action of the grand jury at the October term of the district court. Bail was fixed, which relator furnished by the execution of a proper bond or recognizance, conditioned for his appearance at said district court to answer any indictment which might be then returned against him.

At that term of the district court the charge was submitted to the grand jury for their consideration; but no indictment had been found or other report made in the matter up to the third day of November, when a new warrant, charging the same crime, was sued out against relator before a committing magistrate of the county, under which relator was again arrested, taken before the officer issuing the warrant, when, upon application of the county attorney, the hearing was continued until November 12. At the time of the issuance of this second warrant, relator was in attendance upon the district court then in session, in compliance with the condition of his bond in the former proceeding, and the grand jury had not yet been discharged, but was still in session.

Relator, immediately upon his arrest under the second warrant and the continuance of the hearing until November 12, and before the discharge of the grand jury, sued out a writ of habeas corpus for his release from the second arrest, on the ground that it was unauthorized, illegal, and in violation of his constitutional rights. The writ was returnable on the following day, November 4, and upon hearing the district court held the arrest and restraint illegal, and ordered relator discharged. The state appealed.

The learned court below correctly disposed of the question presented. At the time of the issuance of the second warrant relator was constructively in the custody of the court under the same charge, and was in attendance upon the court for the purpose of answering any indictment that might be returned against him. It is clear that the state could not prosecute relator twice for the same offense, and, pending legally instituted proceedings for the purpose of his in-

dictment and trial, could not arrest and restrain him of his liberty upon identically the same charge; and, though the pendency of another indictment upon the same charge is not a good plea in abatement (12 Cyc. 360), the fact that a previous warrant and preliminary hearing thereon had resulted in the holding of defendant to the grand jury, the warrant and proceedings thereon being in all things regular and valid, must necessarily bar a second proceeding upon the same charge and for the same purpose, until at least the first proceeding is determined and defendant has been discharged therefrom. Any other rule would permit the constant harassing of persons charged with indictable offenses by repeated preliminary hearings; and in this case the first proceeding against relator not having been determined by action of the grand jury or the district court, in obedience to which he was in attendance at the court, the second proceeding was unauthorized, and relator was properly discharged from the restraint thereby imposed.

It appears inferentially from the record that no indictment was returned by the grand jury at the term of court referred to, and that the jury was discharged and the court adjourned without an order being entered for the resubmission of the matter to another grand jury, as provided for by sections 4786, 4787, R. L. 1905.

All this occurred after the issuance of the writ here under consideration, and we are not concerned with the question whether a failure to order a resubmission of the matter would bar further proceedings, and do not pass upon it.

Order affirmed.