GEORGE T. GAINES, *Appellant,* v. WILLIAM L. RUSS, *Appellee.*

1. When a temporary injunction is desired it should be specially prayed for.

2. Where an issue within the jurisdiction of the County Judge's Court has been duly determined by that court it is conclusive unless reversed in direct appellate proceedings.

3. In the absence of an equitable showing a sheriff should not be enjoined from executing a judgment of the County Judge's Court.

4.   One in possession as a tenant cannot maintain a suit against his landlord to remove a cloud from a title to the land claimed by the tenant.

This case was decided by the Court En Banc.

Appeal from the Circuit Court for Orange County.

The facts in the case are stated in the opinion of the court.

*L. G. Starbuck,* for Appellant.

*W. E. Shine,* for Appellee.

WHITFIELD, C. J.—In a bill in equity brought by William L. Russ against George T. Gaines, it is in brief alleged that the complainant is the owner in fee simple and is in possession of certain described lands; that while arranging for the purchase of the lands he moved on and took possession thereof; "that while in the act of moving as aforesaid and after a portion of his personal property had been moved into the premises, the defendant laid claim under a tax deed dated August 3, 1909, to the premises and demanded that the complainant sign an instrument the purport of which was that complainant was a tenant of the defendant in possession, stating that unless the instrument was signed as requested, he would have complainant put off the place at once; that owing to his ignorance of the law governing such cases and the further and urgent fact that he had a sick wife and six children to care for and had no other home than the premises in question to take them to, signed the instrument under protest;" that under the landlord and tenant act, the defendant obtained a judgment of eviction against complainant in the County

Judge's court by reason of the instrument signed as aforesaid; that the tax deed issued to defendant is void because the notice of the application for the tax deed was not mailed to the owner of the land as required by law. It is prayed that the instrument signed by complainant be cancelled as having been obtained under duress; that the tax deed be declared void on the payment to defendant of his proper costs and expenses thereon; that the defendant be enjoined from asserting title to the land; that the sheriff be enjoined from executing the said judgment of the County Judge's court; and for general relief.

The answer averred the ownership of the defendant, the tenancy of the complainant, the adjudication by the County Judge upon the question of duress as affecting the tenancy, and that the clerk made diligent inquiry for the address of the owner of the land without obtaining it when the tax deed was issued. A demurrer was incorporated in the answer based upon the adjudicated tenancy of the complainant.

An appeal is taken from an order overruling the demurrer and enjoining the sheriff from executing the judgment of the County Judge's court.

A temporary injunction should be specially prayed for. See Savage v. Parker, 53 Fla., 1002, 43 South. Rep., 507.

The defense of duress appears to have been made in the County Judge's court in the tenancy proceedings there, and the judgment of that court is conclusive as to the tenancy if not reversed in direct appellate proceedings. See Torrey v. Bruner decided this term. The order restraining the sheriff from executing the judgment of the county Judge's court was erroneous.

As the complainant has been adjudged to be in posses-

sion as a tenant the bill of complaint states no equity, and the demurrer should have been sustained.

The order appealed from is reversed.

SHACKLEFORD and COCKRELL, J. J., concur.

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.