JOHN K. CHENEY AND CARL DOERLER, *Plaintiffs in Error*, v. PARK TRAMMELL, AS GOVERNOR OF THE STATE OF FLORIDA, ETC., *Defendant in Error.*

## Opinion Filed May 20, 1913.

1. In the General Statutes of 1906 (Florida), two different methods are provided for enforcing the collection of an appearance bond in a criminal case. Section 3948 provides for a suit on the bond by the prosecuting officer, and section 3949 provides for the collection of such a bond by an estreatment proceeding. Where the former method is adopted it is not necessary to allege in the declaration that the sureties were called upon to produce the body of the principal obligor, as the gist of the action is the giving of the appearance bond and the failure of the person charged with the criminal offense to appear as he agreed to do.

2. Under the statute (Sec. 963 G. S. 1906) the proceeds of all forfeited bail bonds or recognizances are paid into the fine and forfeiture fund of the county in which the indictment was found or the prosecution commenced, and judgment therefor should be entered in favor of the State for the use of the particular county.

3. Where a party is convicted of crime and gives a supersedeas bond conditioned for his appearance at the next term of the Circuit Court, in which he was convicted, to answer and abide the final order, sentence or judgment of the Supreme Court

in the premises, such a bond is a bail bond within the meaning of section 963 of the General Statutes of 1906..

4.  Where an action is brought on an alleged forfeited bail bond which is attached to the declaration as an Exhibit, but not made a part of the declaration, an alleged variance between the conditions of the bond and the allegations of the declaration are not available on demurrer to the declaration.

5.  A supersedeas appearance bond which provides that the convicted party should be personally forthcoming at the next term of the Circuit Court held in the county where the conviction occurred "on the second Tuesday in September, 1912, to answer and abide the final order, sentence or judgment that might be passed in the premises by the said Supreme Court," and that term of the court was the term at which the convict should under the law as well as under the terms of the bond appear, is not fatally variant from the statute Sec. 4047, Gen. Stats. 1906) because it names the term of the Circuit Court at which the convicted party is to appear.

6.  Where a convicted party gives a supersedeas bond as he is allowed to do under sections 4047 and 4048 Gen. Stats. of 1906, no order of court is necessary to make the supersedeas effective, except that the party if then in custody cannot be discharged from custody without an order of court as provided in section 4049 Gen. Stats of 1906.

Writ of error to the Circuit Court of Pinellas County.

Judgment affirmed.

*Wall & McKay,* for Plaintiffs in Error;

*H. S. Phillips,* for Defendant in Error.

HOCKER, J.—This action was originally brought by Albert W. Gilchrist, as Governor, for the benefit of Pinel-

las County, and afterwards Park Trammell, the present Governor, was substituted as plaintiff. Demurrers to the declaration were overruled and final judgment entered in favor of the defendant in error. The case is here on writ of error from the final judgment. The declaration is as follows:

"Albert W. Gilchrist, Governor of the State of Florida, who sues for the benefit of Pinellas County, plaintiff, by his attorney, H. S. Phillips, State Attorney of the Sixth Judicial Circuit of the State of Florida, sues Jose R. Fuentes, as principal, and Carl Doerler and John K. Cheyney as sureties, defendants, for that whereas on the fifteenth day of February, A. D. 1912, in a certain cause then and there pending in the Circuit Court of Pinellas County, Florida, wherein the State of Florida was plaintiff and the said Jose R. Fuentes was defendant, judgment was rendered against the said Jose R. Fuentes, sentencing him to confinement for a period of five years at hard labor in the State Prison; and for that whereas the said defendants in and by their writing obligatory signed and sealed with their seals bearing date February 19, 1912, jointly and severally acknowledged themselves to be held and firmly bound unto the plaintiff herein in the penal sum of two thousand dollars well and truly to be paid to the plaintiff herein; which said writing obligatory was and is subject to a certain condition therein written whereby after reciting to the effect that on the 14th day of February, 1912, in the Circuit Court of Pinellas County, Florida, in a certain cause therein pending wherein the State of Florida was plaintiff and Jose R. Fuentes was defendant, the said Jose R. Fuentes being then and there charged with manslaughter, he, the said Jose R. Fuentes, was duly convicted and by the said court sentenced to confinement for a period of five years

at hard labor in the State Prison; from which said judgment and sentence of the court the said Jose R. Fuentes sued out a writ of error to the Supreme Court of the State of Florida; and whereas it was further provided in said condition of said writing obligatory that if the said Jose R. Fuentes should be personally forthcoming at the next term of Circuit Court held in Pinellas County, on the second Tuesday in September, 1912, to answer and abide the final order, sentence or judgment that might be passed in the premises by the said Supreme Court as by said writing obligatory and the said condition thereof remaining filed in said Circuit Court will appear, reference being had to a certain certified copy of said bond hereto attached and marked exhibit 'A;' and although afterwards to-wit, on the ................... day of ..............................................., 1912, the said Supreme Court holden at Tallahassee, the said cause coming on to be heard by the said Supreme Court, it was considered by the said Supreme Court that the said judgment of the said Circuit Court in the said writing obligatory mentioned be affirmed and that said plaintiff herein recover of and from the said Jose R. Fuentes, party defendant herein, all costs expended by the plaintiff herein in said cause by reason of said appellate proceedings taxed at the sum of $............ ..............................., as by the mandate of said Supreme Court upon record in the office of the Clerk of the Circuit Court in Pinellas County, Florida, aforesaid, in Minute Book ................................, at page ............................................. will appear;

Nevertheless, the said Jose R. Fuentes was not personally forthcoming at the said term of the Circuit Court in Pinellas County, Florida, held in and for said county on the second Tuesday in September, 1912, to answer and abide the final order and judgment passed

in the premises of said Supreme Court as in and by said writing obligatory, he the said Jose R. Fuentes, as principal, and the said Carl Doerler and John K. Cheyney, as sureties, defendants therein, obligated themselves, he should and would be; wherefore, an action has accrued to the said plaintiff to demand of said defendants the said sum of two thousand dollars and interest thereon, together with the sum of $............................ expended by the plaintiff by reason of said appellate proceedings, yet said defendants, though requested, have not paid the said sum of money or any part thereof to the plaintiff, but refuse so to do; to the damage of the plaintiff in the sum of four thousand dollars; wherefore plaintiff sues.

HERBERT S. PHILLIPS,

State Attorney for Sixth Judicial Circuit, State of Florida, Attorney for Plaintiff."

This declaration was demurred to on seven grounds as follows:

"First. The said declaration fails to state a cause of action against these defendants.

Second. That said declaration fails to show that after the alleged breach of the obligation sued upon these defendants were called upon to produce the body of the principal obligor therein, and that upon failure to do so the said bond was estreated by due order of the court.

Third. Because said declaration fails to show the right or authority by which the plaintiff is entitled to maintain his said action.

Fourth. Because the declaration fails to show affirmatively that the conditions of said obligation have been breached in such manner as to entitle plaintiff to maintain his said action.

Fifth. Because the obligation sued upon, and which

is made a part of the declaration by reference, is not a statutory form of supersedeas bond.

Sixth. Because the declaration fails to show the authority of C. W. Weicking, Clerk of the Circuit Court for Pinellas County, to approve the said bond.

Seventh. Because the said declaration fails to show that said bond was made under authority of any lawful order of the court."

This demurrer was overruled, the fact of non-service of Jose R. Fuentes noted in the record, and the defendants declining to plead further, final judgment was entered for the plaintiff. The assignments of error are based on the order overruling the demurrer, and on the giving of final judgment for the plaintiff below.

Under the first assignment the several grounds of the demurrer to the declaration are presented. The first is not especially argued in the brief "inasmuch as" to quote from the brief of plaintiffs in error, "the more specific grounds thereafter incorporated in the demurrer will point out the defects of the declaration and bond which we contend render the declaration insufficient to justify a recovery." The second ground of demurrer is that the "declaration fails to show that after the alleged breach of the obligation sued upon the defendants were called upon to produce the body of the principal obligor therein and that upon failure to do so the bond was estreated by due order of the court."

It is admitted that there is no express statutory authority for such a proceeding in case of a supersedeas bond, yet it is contended there ought to be in order to protect the sureties. This leads to an examination of the state of the statute law with reference to legal proceedings upon appearance bonds in criminal cases.

Section 3948 of the General Statutes of 1906 is as fol-

lows: "Whenever any bond has been taken for the appearance of any person before any court of this State charged with a criminal offense, and he fails to give his attendance in conformity with the bond, the prosecuting officer of the court may bring suit on the bond in any court having jurisdiction." ·

This section seems to have been originally placed in the Revised Statutes of 1892, as Section 2885. In 1895 the Legislature passed Chapter 4403, and this act is contained in Section 3949 of the General Statutes, and the five sections which follow it. Section 3949 is as follows: "Whenever any bond is taken for the appearance of any person charged with a criminal offense before any court in this State, and such person fails to attend said court as prescribed in said bond, the presiding judge of said court shall cause the sureties on said bond to be called upon to produce the body of the person for whose appearance they have given bond."

The next section provides that the presiding judge shall embody the facts of the giving of the bond, the breach of its conditions and the failure of the sureties to produce the body of the defendant, in a certificate which shall be transmitted to the clerk and shall be *prima facie* proof of the facts stated.

The next section provides that the clerk shall issue a notice to the sureties to show good cause at the next term of the Circuit Court why judgment should not be had in favor of the State for the benefit of ................................ county against them, for the breach of the bond.

The next three sections deal with the notice, the giving of excuse by the sureties, final judgment for the State, and execution thereon.

We have, therefore, two entirely different methods provided in the General Statutes of 1906 for enforcing the collection. of an appearance bond in a criminal case, where there has been a breach of the conditions of the bond. Section 3948 provides for a suit on the bond by the prosecuting officer, and Section 3949 and the five following sections provide for such collection by an estreatment proceeding. It seems to us that it was competent for the Legislature to do this. In the instant case the former method was selected. If we are correct in this construction of the statutes, it was not necessary in this action that the sureties should have been called upon to produce the body of the principal obligor, the gist of the action is to show the giving of the appearance bond, and the failure of the person charged with the criminal offense to appear as he agreed to do. It therefore seems to us that the second ground of the demurrer must fail.

The third ground of the demurrer questions the authority of the Governor to bring this suit, and in the brief of plaintiffs in error to sustain this contention it is insisted that "inasmuch as Fuentes was convicted of a felony and sentenced to serve a term in the State Prison, the benefit of any obligation given to secure the performance of the terms of said judgment by him would go to the *State of Florida and not to the particular county from which he was sentenced.*" It is therefore contended that if any suit may be maintained upon the bond attached to the declaration, "it must be by the Governor in his official capacity, for the State at large."

Under Section 963, General Statutes of 1906, it is provided, "All fines imposed under the penal laws of this

State and the proceeds of all forfeited bail bonds or recognizances shall be paid into the fine and forfeiture fund of the county in which the indictment was found or the prosecution commenced and judgment must be entered therefor in favor of the State for the use of the particular county."

It is contended that the bond in this case is not strictly speaking a bail bond, but was a supersedeas bond. At common law to give bail in a criminal proceeding is for the person charged to put in securities for his appearance to answer the charge against him. 4 Blackstone (Hammond) 380. There were other kinds of bail, but all intended to secure the presence of the party giving it. It seems to us that within the meaning of the quoted statute (Sec. 963) the bond sued on in the instant case is a bail bond, and its proceeds should go to Pinellas County.

The fourth ground of the demurrer is based on the theory that there is a variance between the declaration and the bond, and that the latter is made a part of the declaration. We do not so understand the declaration. The bond is attached to and made an exhibit to the declaration. Wilson v. Fridenberg, 22 Fla. 114, and other cases. If there be a substantial variance it must be taken advantage of in some other way. Wilson v. Fridenberg, 22 Fla. 114, and other cases.

The fifth assignment of error assails the bond recited in the declaration as not being in exact conformity with the requirements of a supersedeas bond specified in Section 4047, General Statutes of 1906. We have examined the statute and we discover no such difference as would make the declaration demurrable. We think that a cause of action is alleged.

The sixth assignment of error questions the authority of the Clerk of Pinellas County to approve the bond as the Judge did not make any order granting a supersedeas under such terms and conditions as would authorize the discharge of the defendant.

The effect of Sections 4047, 4048 and 4049 was considered by this court in the case of the State of Florida v. Mitchell in 29 Fla. 302, 10 South. Rep. 746. On pages 316 and 317, it is said: "It is to be observed that the statute does not require an order that on compliance with the supersedeas provisions the writ of error shall operate as a supersedeas. When the writ is allowed and issued, a compliance with the mere supersedeas provisions, though not authorizing a discharge of the prisoner, has of itself the effect of arresting or superseding otherwise the execution of the sentence. It gives the writ this effect." When this decision was rendered a writ of error did not issue as a matter of right. An order from the Judge of the trial court or from the Supreme Court was necessary. When the writ was allowed the Clerk approved the bond, and the statute made it effective as a supersedeas. Under the present law the writ issues as a matter of right (Sec. 4045, Gen. Stats. 1906), and no order from a judge is required except to discharge the party from custody, if he was in custody.

What we have said applies to the 7th ground of the demurrer.

The judgment below is affirmed.

Shackleford, C. J., and Taylor, Cockrell and Whitfield, J. J., concur.

## ON REHEARING.

PER CURIAM.—In this petition for rehearing it is insisted that the supersedeas bond is fatally variant from the bond prescribed by statute in that it was conditioned that the convict should appear at a term to be held beginning on the second Tuesday in September, 1912, to answer and abide the final order, decree or judgment that might be passed in the premises by the Supreme Court.

It is best to follow the statutory form to the letter, but this does not mean that every variance is of necessity fatal. 5 Cyc. 747 and 750. In the instant case, the mandate of this court went down on August 8, 1912, and that term of the court was the term at which the convict should under the law, as well as under the terms of his bond appear. He was not there and the bond became forfeited.

We think the other questions raised are sufficiently covered by the original opinion.

The rehearing is denied.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL, HOCKER AND WHITFIELD, concur.