Ex Parte S. J. Sirmans.

Division B.

Opinion Filed November 1, 1927.

*Stafford Caldwell, R. C. Horne, B. A. Bales, C. L. Waller,* and *W. C. Hodges,* Attorneys for Sirmans;

*Fred H. Davis,* Attorney General, and *H. E. Carter,* Assistant Attorney General, for the State.

BUFORD, J.—This matter is before this Court on writ of error to the judgment of the Judge of the Circuit Court of the Twelfth Judicial Circuit of Florida remanding the petitioner, Sirmans, to the custody of the sheriff of Lee County, Florida. The original writ was issued by a Justice of this Court returnable before the Honarable George W. Whitehurst, Judge of the Twelfth Judicial Circuit of Florida, at his office in Fort Myers, and is directed to Frank B. Tippins, Sheriff of Lee County, Florida. The return of the sheriff is as follows:

"Comes now F. B. Tippins, Sheriff of Lee County, Florida, to whom the writ herein is directed and produces in open court, in answer to said writ, the body of S. J. Sirmans; and for return thereto answers and says that he has the said S. J. Sirmans in his custody, and holds him under and by virtue of a warrant issued by George W. Whitehurst, Judge of the Twelfth Judicial Circuit of Florida, under date of October 6, 1927; and now produces the body of the said S. J. Sirmans to this Court, together with the writ of *habeas corpus* issued herein, the same being hereto attached."

Motion was made to quash the return upon the following grounds:

"1. That it appears upon the face of said return that the said alleged bench warrant was issued subsequent to the writ to which the return is made and does not show any authority for the said F. B. Tippins to hold the petitioner in the face of said writ.

2. That the said alleged bench warrant was issued at a time when the petitioner was in custody and not at large, as appears upon the face of said return.

3. That the alleged bench warrant appears by the return to said writ to have been issued subsequent to the

granting of bail to the petitioner by the county judge of Glades County, Florida.

4. That prior to the issuance of said bench warrant the defendant was arrested by the Sheriff of Glades County, Florida, and confined in the county jail of Glades County, Florida, and upon his application was given on the 26th and 27th of September, 1927, a preliminary hearing; after which the county judge of Glades County entered an order directing and instructing the Sheriff of Glades County, Florida, to release the petitioner upon the posting of a $15,000. bail, which bail was by petitioner posted and accepted by the Sheriff of Glades County, Florida, in cash.

5. That this Court has no jurisdiction to issue the bench warrant while the defendant was in the custody of the county judge's court of Glades County, Florida, and had been given a preliminary hearing and admitted to bail.

6. That a bench warrant cannot be issued for this petitioner except after an indictment has been found against him.

7. That the alleged bench warrant recites and charges that the petitioner committed a crime in Glades County, Florida, and not in Lee County, Florida, and the petitioner cannot be lawfully held under said warrant in Lee County, Florida.

8. That the alleged bench warrant is not attached to the return to show the authority of the sheriff of Lee County, Florida, for holding the petitioner.''

Motion coming on to be heard, the following order was made:

''This cause came on to be heard this day, pursuant to the writ of the Supreme Court and the sheriff's return thereto, and the Court having examined the said return of the sheriff and the exhibit attached thereto, the Court is of the opinion that the said sheriff to whom the writ is

directed, by virtue of his return and exhibit thereto, has shown sufficient authority for holding the said S. J. Sirmans.

And the counsel for petitioner having moved to quash the return of the said sheriff, it is considered by the Court that the said motion be overruled.

The State having moved the Court that the State be allowed to withdraw the warrant attached to the sheriff's return and substitute a certified copy therefor, it is considered by the Court that the application be granted and that the clerk substitute a certified copy of said warrant for the original and deliver the original thereof to the said sheriff.

It is thereupon ordered and adjudged that the petitioner be and he is hereby remanded to the custody of the said sheriff.

Done and ordered in Chambers this 7th day of October, 1927.''

The Bill of Exceptions contains the following language and judgment by the Court:

''At the hearing it appeared to the Court in open court that prior to the making of the affidavit by S. A. Douglas on the 6th day of October, A. D. 1927, charging the said S. J. Sirmans with the crime of murder, and prior to the issuance of the warrant by the Circuit Judge of the Twelfth Judicial Circuit of Florida, in the County of Lee, under which warrant the sheriff of Lee County held said prisoner as set forth in the return of said sheriff, that the said S. J. Sirmans had been charged by an affidavit of the sheriff of Glades County with the crime of murder, which said affidavit was made before Judge D. L. Lence, County Judge of Glades County, and that pursaunt to said affidavit a warrant was issued by said County Judge of Glades County for the arrest of the said S. J. Sirmans

and that he was pursuant to said warrant duly and promptly arrested and placed in jail, and that the said S. J. Sirmans was later transferred from the Glades County Jail to the Lee County jail for safe-keeping by order of the Governor of the State of Florida; that a preliminary hearing was had before the County Judge of Glades County and that said prisoner was held to await the action of the Grand Jury of Glades County, which said hearing was held on the 26th and 27th of September, A. D. 1927; that at said hearing the County Judge took under advisement the question of whether or not the said S. J. Sirmans should be admitted to bail, and on the 4th day of October said County Judge of Glades County rendered his decision and entered a judgment admitting the prisoner to bail upon the excution of a good and sufficient bond in the sum of $15,000.00, a duly authenticated copy of which judgment was exhibited to the Court, but not introduced in evidence because of the admissions aforesaid; that immediately after the rendition of said judgment the said S. J. Sirmans posted a cash bond in the sum of $15,000.00, which was accepted by the sheriff of Glades County. It was further admitted that the offense of murder for which the said S. J. Sirmans was charged in both affidavits was committed in the county of Glades. The above facts being admitted the said petitioner, S. J. Sirmans, was by said agreement relieved from the necessity of making proof before the Court of the above facts. And that the Court in overruling the motion of the defendant to quash the return of the sheriff took into consideration the admission as to the facts as hereinabove set out, to which action of the Court in overruling the said motion of said defendant to quash the return, the said defendant did then and there in open court duly except.

Whereupon the court aforesaid on the 7th day of

October, A. D. 1927, did remand the said S. J. Sirmans to the custody of the sheriff and inasmuch as the said several matters hereinabove set forth and considered by the Court did not appear by the record and judgment aforesaid, the said defendant, by his counsel, did within the time allowed by the Court propose this his bill of exceptions, to the said opinions and decisions of the said judge and request him to sign the same, according to the form of the statute in such cases made and provided, which is done this the 12th day of October, A. D. 1927.

GEORGE W. WHITEHURST,
Judge of the Circuit Court of the
Twelfth Judicial Circuit of Florida.''

It appears, therefore, that on the hearing the Circuit Judge went fully into the facts upon which his authority to issue the bench warrant, under which Sirmans was then held, was challenged. He has fully set forth these facts and circumstances so that this Court may fairly review his judgment in the matter and determine whether or not the same should be affirmed.

There is but one question of any importance presented by the record and that is whether or not the action of the County Judge of Glades County in admitting Sirmans to bail upon an investigation and preliminary hearing before him based upon an affidavit and warrant charging Sirmans with the same offense as that charged in the bench warrant issued by the Circuit Judge, the County Judge having first acquired jurisdiction of the cause and of the defendant, became and was *res adjudicata* of the defendant's right to bail on such charge. The Court will take judicial cognizance of the fact that the County Judge has jurisdiction as a committing magistrate in all felony cases arising within his county and that Glades County is within

the Twelfth Judicial Circuit of Florida and Honorable George W. Whitehurst is Circuit Judge of that circuit, and that Circuit Judges as conservators of the peace are vested with the power and authority of committing magistrates.

Portions of the Constitution and the Statutes of Florida pertinent to the issues here are:

Constitution of 1885, Article 5, Section 11, provides that the Circuit Courts shall have exclusive jurisdiction among other matters of:

"All criminal cases not cognizable by inferior courts;" and,

"Such other matters as the Legislature may provide."

Section 22 of the same Article provides that Justices of the Peace,

"Shall have power to issue process for the arrest of all persons charged with felonies and misdemeanors not within his jurisdiction to try, and make the same returnable before himself, or the county judge for examination, discharge, commitment or bail of the accused."

Section 17 of the same Article provides that the county judge shall have

"Original jurisdiction * * * of such criminal cases as the Legislature may prescribe;" and,

"Shall have the power of a committing magistrate."
Section 36 of the same Article provides that,

"All judicial officers in this State shall be conservators of the peace."

Revised General Statutes, Section 3001, provides that,

"The judges of the circuit courts respectively shall ex-officio be conservators of the peace, and have and exercise whenever they may deem it fit and proper, all the duties and powers of justices of the peace in criminal cases, except the trial of such cases; and shall have power and

authority if they see fit to admit prisoners to bail where it may have been refused by any justice of the peace."  Section 6024, Revised General Statutes, provides that,

"All judicial officers of this State shall be conservators of the peace and committing magistrates, and may issue warrants against persons charged on oath with violating the criminal laws of the State, and may commit offenders to jail or recognize them to appear before the proper court at the next ensuing term thereof, to answer the charge, or may discharge them from custody, according to the circumstances of the case, and may require sureties of the peace when the same has been violated or threatened. The method of proceeding before all committing magistrates shall be that prescribed for justices of the peace, as nearly as may be."  Section 6031, Revised General Statutes, provides that,

"When the accused shall be arrested and brought before the justice, if the offense be not such as the justice may hear and determine, the justice shall proceed to ascertain whether there is good ground to hold the accused to bail."  Section 6045, Revised General Statutes, provides that,

"The judge of the court having cognizance of an offense may bail a prisoner, if he be of the opinion that it is a bailable offense, although the committing magistrate was of a different opinion."  Section 6001, Revised General Statutes, provides that,

"The county judge shall have and exercise such criminal jurisdiction as is held and exercised by the justice of the peace, except that his territorial jurisdiction shall extend throughout the county."

All committing magistrates within the territorial jurisdiction of each in this State are of equal dignity as such magistrates.

Courts of concurrent jurisdiction are of equal dignity

as to matters so cognizable and the uniform rule in both State and Federal jurisdiction is, "In cases of concurrent jurisdiction in different tribunals, the one first exercising such jurisdiction acquires control to the exclusion of the other." Sanford v. State, 75 Fla. 393, 78 Sou. 340; Ray v. Williams Phosphate Co., 59 Fla. 598, 52 Sou. 589; Byrne v. Brown, 40 Fla. 109, 23 Sou. 877; Gaines v. Ruse, 60 Fla. 317, 53 Sou. 113; Johnson v. Lindsey, Sheriff, 89 Fla. 143, 103 Sou. 419, and cases there cited; Wade et al. v. Clower, decided at the present term; Taylor v. Taintor, U. S. Sup. Court Reports, 21 Law Ed. 287, 34 C. J. 875.

The question of whether or not a defendant is entitled to be released on bail is a justiciable matter when same is presented on a preliminary hearing before a county judge proceeding under a valid affidavit charging the defendant with the crime of homicide alleged to have been committed within the county and the judgment of the county judge that the accused is entitled to bail is *res adjudicata* as to that issue until a change in conditions is shown, or until another court of competent jurisdiction shall have acquired jurisdiction of the cause by having filed therein an indictment or information charging the offense. Dahlgren v. Riley, 109 Minn. 437, 6 Corpus Juris 970 et seq.

It appears, therefore, that the warrant issued by the Circuit Judge for the arrest of Sirmans charging the same offense for which he had previously been arrested under a warrant issuing from a court of competent jurisdiction and pursuant to which, on preliminary hearing, he had been granted bail in the sum of $15,000, which he had posted in the manner provided by law, did not constitute proper legal basis for the re-arrest of the accused.

On writ of *habeas corpus* the accused should have been discharged subject to the conditions of his bail as fixed by

the committing magistrate. The order of the Circuit Judge remanding petitioner to the custody of the sheriff is reversed with directions for an order to be made not inconsistent with this opinion.

WHITFIELD, P. J., AND TERRELL, J., concur.

STRUM AND BROWN, J. J., concur in the opinion.

ELLIS, C. J., dissents.