*Ex Parte.* WOODROW CRIBBS.

146 So. 912.

Opinion filed March 24, 1933.

*Martin & Martin,* for Petitioner;

*Cary D. Landis, Attorney General,* and *Roy Campbell, Assistant,* for Respondent.

DAVIS, C. J.—This is an original proceeding in habeas corpus wherein petitioner, Woodrow Cribbs, seeks discharge from the custody of the sheriff of Hillsborough County. The facts shown by the petition for the writ and the return are as follows:

On the 10th day of December, A. D. 1932, petitioner was arrested upon a warrant issued out of the Court of the Justice of the Peace of the Fifth District, Hillsborough County. The warrant charged breaking and entering and larceny. On the 13th day of December, A. D. 1932, the Justice of the Peace held a preliminary hearing and bound petitioner over to await the next term of the Criminal Court of Record of Hillsborough County, and at the same time fixed the amount of bail at one thousand five hundred dollars. On the 13th day of December, A. D. 1932, the then Sheriff, Honorable R. T. Joughin, accepted and approved petitioner's bond in the amount of ·$1,500.00. On the 6th day of January, 1933, the County Solicitor in and for the Criminal Court filed an information in said Court charging Woodrow Cribbs with grand larceny. On the 6th day of January, 1933, the Clerk of the Criminal Court of Record, upon receipt of the information, at the direction of the Judge of said Court, issued a capias for the arrest of Woodrow Cribbs and fixed bail or ordered that Cribbs furnish an appearance bond in the amount of $2,000.00, pending trial on the information.

On the 16th day of January, 1933, Woodrow Cribbs' filed his petition in the Supreme Court of Florida alleging that he was unlawfully restrained by the Sheriff of Hillsborough County. On the same day the writ issued commanding the Sheriff to make return thereon. On January 18th, 1933, the Sheriff made his return to the writ of habeas corpus and for return stated that he was holding Woodrow Cribbs in custody by virtue of a capias issued out of the Criminal Court of Record in and for Hillsborough County, Florida, charging the said Woodrow Cribbs with grand larceny.

Our conclusion is that, upon the presentment of an indictment, or upon the filing of an information, charging a defendant with a crime for which a trial may be had upon the accusation embraced in the indictment or information, that the Judge of the Court in which the indictment has been presented or the information filed, has jurisdiction to order a capias to issue for the arrest of the accused *on the charge contained in the indictment or information,* and that upon ordering a capias to issue, such Judge should, in accordance with the statute, endorse on the capias an amount of bail to be taken for the appearance of the accused for trial.

However, when a person has' already been arrested and bailed before a committing magistrate charged with a crime for which the magistrate binds him over to await the action of a superior court having trial jurisdiction only upon the filing of an indicment or information, and he has already given bond for his appearance, in an amount duly fixed by the committing magistrate binding him over, the mere presentment of an indictment, or the filing of an information does not terminate the bond previously given by the accused before the magistrate, unless the Judge of the Court

having jurisdiction to try the indictment or information shall affirmatively order a capias to issue for the arrest of the accused, in which event the bond previously given as directed by the magistrate, will be fulfilled upon the execution of the capias by taking the accused into custody.

But in every case the Judge of a Court in which an indictment has been presented, or in which an information has been filed, has the power, after the same is lodged in his Court, to order a capias to issue for the arrest of the accused on the indictment or information brought, notwithstanding the fact that the accused is already at large upon bail allowed by the committing magistrate which bail would be otherwise legal and sufficient to secure the appearance of the accused if no capias were ordered. And after a capias is ordered, as it may be in the discretion of the Judge, the execution of such capias by arresting the defendant, terminates the previous bail order of the magistrate, and precludes the further release of the arrested defendant from custody until new bail is furnished pursuant to the Judge's order on the capias itself. This is the necessary effect of the principles of law adverted to in *Ex Parte* Sitmans, 94 Fla. 832, 116 Sou. Rep. 282.

We hold, therefore, that Cribbs is now lawfully held in default of bail on the capias that has been issued by order of the Judge of the Criminal Court of Record of Hillsborough County pursuant to the pending information filed. We hold further that the Criminal Court of Record's directed issuance and subsequent execution of its capias as ordered, has lawfully satisfied and discharged the previous order of the magistrate by which bail was allowed and given by the accused, although in the absence of a special order for a capias on the information, the bail previously given would continue to hold good until defendant giving it

should be discharged and released from all further duty to attend at Court to abide the final result in the Criminal Court of Record of the prosecution initially begun against him before the Justice of the Peace Court from which he was bound over.

Petitioner remanded to be held until released from custody under the capias, as provided by law.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.