**W. C. CRATON, v. DeWITT SINCLAIR, as Sheriff of Polk County, Florida.**

22 So. (2nd) 762            June Term, 1945
July 10, 1945               Division A

*R. E. Bradley* and *M. H. Edwards,* for appellant.

*J. Tom Watson,* Attorney General and *Reeves Bowen,* Assistant Attorney General, for appellee.

ADAMS, J.

This is an appeal from a judgment remanding appellant to custody in habeas corpus.

It appears that appellant was convicted of a criminal offense in August of 1941 and sentenced to serve a period of months in jail. He filed an appeal which was later dismissed and, thereafter, in June, 1942, appellant was taken into custody to begin serving the sentence.

Before the sentence was served he procured a writ of habeas corpus to test the legality of the information upon which he was convicted and being unsuccessful he appealed and remained at liberty under an appeal bond. The latter judgment was affirmed in January, 1943, but when the mandate went down, through an oversight, he was not taken into custody to continue the sentence until February 1945.

By this proceeding he now questions the right of the state to enforce the judgment because of undue delay. He relies primarily upon our opinion, State ex rel. Libtz v. Coleman, 149 Fla. 28, 5 So. (2nd) 60. The law on this question has been sufficiently expounded in the cited case and authorities referred to therein. We will rest our decision here with the distinguishing features of this case. Amazing as it is in State ex rel. Libtz, v. Coleman, *supra,* the record was conclusive that the convict's sentence was interrupted without her consent or instigation, whereas, here the factual statement is to the contrary. It follows therefore that this case is not ruled by the opinion cited and the judgment appealed from is affirmed.

Affirmed.

CHAPMAN, C. J., TERRELL and BUFORD, JJ., concur.