SEBRING, Justice.
The petitioners were convicted, on two separate informations, of the crimes of assault with intent to commit murder and armed robbery. The petitioners appealed from the judgments and supersedeas bonds were fixed and made, in the total sum of $37,500. After the bonds had been posted the surety company that had become surety on the bonds desired to be relieved of its undertaking. The surety company made this fact known to the Judge of the Criminal Court of Record of Dade County, the court in which the judgments had been rendered, and thereupon the judge of said court entered an order “that if, when and as the surety * * * surrenders the defendants * * * to [the] Sheriff of Dade County, or any other Sheriff of the State of Florida for or on behalf of [said] Sheriff, then in that event [the] Sheriff of Dade County, be and he is hereby author *904 ized forthwith to deliver -the said defendants * * '* to the State Prison * * for safe-keeping, pending the outcome of said appeal now pending in the Supreme Court of the State of Florida.” Subsequent to the entry of the order the petitioners were taken into custody and lodged in the State Prison pending the outcome of the appeal.
After the surety had thus surrendered the petitioners, and after the transcript of record on appeal had been filed in this Court, said petitioners tendered to the Clerk of the Criminal Court of Record of Dade County another bond in the sum of $37,500 executed by a different surety. The clerk refused to approve the bond because of an order entered by the Judge of said Criminal Court of Record in which he found that “It is Therefore the opinion of this Court that it has no further jurisdiction in the above styled cases and any and all further actions must be had in the Supreme Court of Florida.”
After the action taken by the Judge of the Criminal Court of Record of Dade County the petitioners applied here for an order to be directed to the court below requiring the clerk of said court “to approve supersedeas bond filed by any good and sufficient surety in the amounts heretofore fixed by order of the Criminal Court of Record * * (Emphasis supplied.)
In their argument in support of their right to such an order the petitioners contend that where a defendant at large on bail in a criminal proceeding is subsequently surrendered by his surety and recommitted said defendant is again' entitled to go at large, pending the. termination of the criminal proceeding, upon the tender of a new bond in the same amount, and with the same conditions, as fixed and contained in the original order of the court entitling him to bail.
We find ourselves unable to. agree with this contention. As related to criminal proceedings, a supersedeas bond is simply a bail bond by another name. Cheyney v. Trammell, 65 Fla. 451, 62 So. 916; Craton v. Sinclair, 156 Fla. 341, 22 So.2d 762. Sections 924.14-16, Florida Statutes, F.S.A. Consequently, statutes and decisions applicable to bail bonds will, in general, control supersedeas bonds under which defendants in criminal proceedings are permitted to go at large after their conviction of crime but before the final disposition of ah appeal taken from a judgment of conviction or sentence. State ex rel. Seay v. Mayo, 139 Fla. 291, 190 So. 598; Webb v. State, Fla., 56 So.2d 524.
In Ex parte Cribbs, 109 Fla. 286, 146 So. 912, the principle is established that where a defendant at large on bail is subsequently surrendered by his surety and recommitted under a capias issued pursuant to the order of the judge in whose court the criminal charge against the defendant is pending, the execution of such capias by the arrest of the defendant terminates the previous bail order, and precludes the further release of the arrested defendant from custody until new bail is furnished pursuant to the judge’s order on the capias itself. We think that this principle is controlling under the facts of the case at bar.
Section 903.24, Florida Statutes 1953, F.S.A., provides that “If the defendant applies to be admitted to bail after recommitment and he is bailable, he may be admitted to bail by the court which recommitted him.” (Emphasis supplied.) In the present case the trial judge did not provide in his order for the giving of a new bond upon the re-commitment of the defendant, because of his opinion that, the jurisdiction of the cause having been transferred here by reason of the filing of the notice of the appeal and the filing of the transcript of record, the lower court had been divested of jurisdiction to treat with the matter.
Under the circumstances of the case, we have the opinion that we should relinquish jurisdiction of the cause temporarily, and remand it to the trial court, in order to reinvest that court with jurisdiction to consider any application duly made by the petitioner for admission to bail, and for a determination as to whether or not, *905 in the light of new circumstances or conditions, the petitioners should be bailable, and, if bailable, what the terms and conditions of the bail bond should be. See Stalnaker v. State, 126 Fla. 407, 171 So. 226; State ex rel. Seay v. Mayo, supra.
It is so ordered.
. ROBERTS, C. J., and TERRELL and MATHEWS, JJ., concur.