WIGGINTON, Chief Judge.
Appellant seeks review by interlocutory appeal of an order rendered in a nonjury action denying her motion to dismiss a petition for adoption brought by appellees in the Circuit Court of Dixie County. It is contended that the court has no jurisdiction over the subject matter of the cause and therefore erred in refusing to dismiss the petition.
Appellant is the natural mother of the two minor children involved in this proceeding. She and her husband, the father of the minors, were divorced by a decree which contained no provision respecting the custody of the children born of this marriage. Appellant has now remarried and resides in Duval County. Appellant’s present husband filed a petition in the Circuit Court of Duval County praying for a judgment of adoption and that the surname of the minor children be changed to his. Appellant joined her husband in this petition, and consented to the adoption as prayed. The petition also prayed for an order awarding custody of the minors to appellant as their natural mother pending a final disposition of the cause. Pursuant to this prayer of the petition, an order was rendered on August 23, 1967, awarding temporary custody of the minors to appellant.
Subsequently appellees filed in the Circuit Court of Dixie County, on December 6, 1967, their petition for the adoption of the same minor children who are the subject of the proceeding brought by their mother and stepfather and which is presently pending for final disposition in the Circuit Court of Duval County. Appellees’ petition alleges that they are the maternal grandparents of the minors, prays for a judgment of adoption, and asks that the surname of the minors be changed to that of appellees. To this petition appellant filed her motion to dismiss on the ground that there is presently pending in the Circuit Court of Duval County the adoption proceeding brought by appellant and her present husband to adopt the same children sought to be adopted by the'maternal grandparents; that appellant as the natural mother has been awarded temporary custody of the children; that the adoption proceeding in Duval County is awaiting a final hearing on the merits and that the present action instituted in Dixie County is an attempt to divest the Circuit Court of Duval County of jurisdiction to hear and determine the proceedings pending in that court. The Circuit Court of Dixie County rendered its order denying appellant’s motion to dismiss the petition, which order appellant seeks to have reviewed by this appeal.
The statute relative to venue provides that a petition for adoption of a minor may be filed either in the circuit court of the county in which the petitioner resides or in which the minor may reside.[1] *718 Thus it is that the Circuit Courts of both Duval and Dixie Counties have concurrent jurisdiction of a petition for adoption of the minor children involved in this cause.
With respect to priority of courts with concurrent jurisdiction, the settled law of this state appears to be as follows:
“Where two courts have concurrent jurisdiction in any proceeding, the power to entertain the action attaches exclusively to that court which first exercises jurisdiction in the matter. And that court will ordinarily retain such jurisdiction for the purpose of deciding every issue or question properly arising in the case. In fact, when a court of concurrent jurisdiction acquires it before any other court, its jurisdiction then becomes exclusive, and prohibition will lie to restrain interference therewith. * * * ” [2]
In Martinez v. Martinez [3] a wife brought suit for divorce against her husband in the Circuit Court of Polk County and prayed for custody of their minor children. Before process was served on her husband, he brought suit for divorce against her in the Circuit Court of Pinellas County where he resided, and likewise prayed for custody of' the children. The wife was served with process and a hearing was held in the Pinellas County court on the wife’s motion for temporary alimony and counsel fees. In that case the court rendered its order awarding temporary custody of the children to the plaintiff husband and temporary alimony and counsel fees to the defendant wife. The wife then sought an order from the Circuit Court of Polk County awarding her custody of the children together with, an allowance for their support. Such an order was rendered by the Circuit Court of Polk County and was appealed by the husband to the Supreme Court. In holding that the Circuit Court of Pinellas County had exclusive jurisdiction to determine and fix the custody of the minor children of the parties, the court said:
- “We are committed to the rule, often recognized by other courts in the United States, that in case of conflict between courts of concurrent jurisdiction the one first exercising jurisdiction acquires control to the exclusion of the other. * * ”
In Hunt v. Ganaway,[4] Hunt sued Gan-away in the Circuit Court of Leon County, after which Ganaway instituted suit against Hunt in the Small Claims Court of Palm Beach County, each suit being based upon the same cause of action. In resolving the jurisdictional conflict present in that case, we held that since the Leon County suit was filed first in point of time, and jurisdiction of that court invoked prior to the institution of the second action by Ganaway in Palm Beach County, the Circuit Court of Leon County had jurisdiction to the exclusion of the Palm Beach County Court.
Based upon the foregoing authorities it is our view that under the facts present in the case sub judice the Circuit Court of Duval County has jurisdiction to adjudicate the proceedings for the adoption of the two minor children involved herein to the exclusion of the Circuit Court of Dixie County. To hold otherwise would create an intolerable conflict between courts of concurrent jurisdiction in the state, and result in chaos and confusion in the task of ad-ministéring justice in an efficient and orderly manner.[5]
In its order denying appellant’s motion to dismiss the petition for adoption *719 filed herein, the trial court recited that it was relying as authority for its action upon the decision rendered by the Third District Court of Appeal in Moses v. Moses.[6] In Moses the Circuit Court of Dade County rendered a final decree of divorce and awarded custody of minor children to the father, the court specifically retaining jurisdiction to amend the custody order when circumstances required. The paternal grandparents instituted a proceeding in Polk County seeking a decree of adoption of these children. The wife thereupon petitioned the Circuit Court of Dade County for an order changing the custody of the children from her former husband to herself. The husband sought to dismiss the petition for change in custody on the ground that the Circuit Court of Polk County was then entertaining an adoption proceeding brought by the grandparents. From an order denying the husband’s motion to dismiss the wife’s petition, he appealed. The District Court of Appeal merely held that the filing of petition for adoption did not oust the Circuit Court of Dade County of jurisdiction over its custody orders which are recognized to be only temporary in nature. Retention of jurisdiction over a custodial order by a circuit court does not prevent another court from entertaining adoption proceedings which are separate and distinct. We do not conceive that the Moses decision is either controlling or persuasive when applied to the facts and issues present in the case sub judice.
The order appealed is reversed and the cause remanded with directions that an appropriate judgment be entered granting appellant’s motion to dismiss the adoption proceeding herein.
Reversed.
CARROLL, DONALD K„ and RAWLS, JJ., concur.

. F.S. § 72.08, F.S.A.

“Jurisdiction and venue

The circuit court shall have exclusive jurisdiction in all matters of adoption. All petitions for adoption shall be filed in the circuit court of the county in which the petitioner or petitioners reside, or in which is located any licensed child placing agency to which the child sought to be adopted has been permanently committed, or in which such child may reside.”

. 8 Fla.Jur. 398, Courts, § 121.

. Martinez v. Martinez, 153 Fla. 753, 15 So.2d 842.

. Hunt v. Ganaway (Fla.App.1965), 180 So.2d 495.

. See also Blake v. Blake (Fla.App.1965), 172 So.2d 9; Ex parte Sirmans, 94 Fla. 832, 116 So. 282.

. Moses v. Moses (Fla.App.1962), 141 So.2d 297.