BROWNING, J.
Appellant challenges an order of the trial court finding that a bond was forfeited. We reverse and remand for further proceedings.
Appellant had accepted a bond on the accused for a Duval County offense, in the amount of $250,000, for a second-degree felony in Miami. Four days later, a Detective Barker, a city of Jacksonville law enforcement officer, called the bondsman from Jacksonville to inform him that there was an additional warrant for the accused on another second-degree felony. At Barker’s request, the bondsman flew the accused by a one-way ticket from Miami to Jacksonville, turned the accused over to Barker at the police department, and returned to Miami alone.
The bondsman did not obtain from Barker a certificate acknowledging the surrender; however, the warrant for the second charge specified that the bond amount was “none,” and the bondsman testified he was told no bond was to be set. However, at the accused’s first appearance on the second charge, the trial court set bond on the second charge at $2,503. The accused bonded out with a separate bondsman, and absconded. Later, a trial court ordered that Appellant’s bond on the first offense was forfeited, because the bail on the second charge was based on the belief that Appellant’s bond was still effective, and because there was no paperwork to prove that the accused’s surrender was effected.
We hold that the record contains ample evidence that the accused was legally surrendered despite the lack of a certificate. Appellant’s turning over the accused to Detective Barker demonstrates that Appellant did not agree to take on the extra flight risk associated with the second charge on the accused. The extra charge was a material change to the circumstances of the bond contract among the surety, the accused, and the state; that change, being made without notice to, or the consent of, the surety, absolved the surety from liability on the contract. See Cash v. State, 73 So.2d 903 (Fla.1954); Ex Parte Cribbs, 109 Fla. 286, 146 So. 912 (1933); American Bankers Ins. Co. v. Monroe County, 644 So.2d 560 (Fla. 3d DCA 1994).
Section 903.21, Florida Statutes, which states in part:
*1156 (1) A surety desiring to surrender a defendant shall deliver a copy of the bond and the defendant to the official who had custody of the defendant at the time bail was taken or to the official into whose custody the defendant would have been placed if she or he had been committed. The official shall take the defendant into custody, as on a commitment, and issue a certificate acknowledging the surrender.
(2) When a surety presents the certificate and a copy of the bond to the court having jurisdiction, the court shall order the obligors exonerated and any money or bonds deposited as bail refunded....
does not alter this result. This section sets forth a method of surrender when a surety wants to be relieved of its responsibility for future control of a defendant on bad, and does not apply when a surrender is requested by law enforcement for the surrender of a defendant on bail, as here.
REVERSED and REMANDED for proceedings consistent with this opinion.
BARFIELD and LEWIS, JJ., concur.