FLOYD CROMEANS v. STATE

No. 26,919. May 19, 1954

*Jarmon & Spann,* Corpus Christi, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

This is an appeal from a conviction for the felony second offense of driving a motor vehicle upon a public highway while intoxicated.

On November 30, 1953, the present case (No. 8615) being called for trial, the attorney for the state dictated into the record certain stipulations between the attorneys, one being "that in the event after trial, it is found that this defendant, Floyd Cromeans has been convicted of a felony which is unknown to the state and the defendant, and his attorney at this time, that the State of Texas will join in a motion made by the defendant for a new trial in this case, and will join in any motion based upon this stipulation praying for leave to withdraw the announcement of ready at the plea of guilty entered by the defendant, Floyd Cromeans."

It was further stipulated that subsequent to a plea of guilty by the defendant, the state would recommend that a two year sentence be assessed and that the defendant be granted probation.

The record shows that the defendant then announced ready for trial, signed application to waive a jury and pleaded guilty before the court.

At the close of the testimony, the attorney representing the state complied with his stipulation and recommended that ap-

pellant be sentenced to a term of two years in the penitentiary and that he be granted probation, which was done.

Appellant was then released from custody upon his personal recognizance and instructed to report to Mr. Norris, the probation officer who was present. All of this occurred on November 30, 1953.

On December 3, 1953, the state filed a motion to set aside the judgment of conviction, alleging that appellant had been convicted of a felony and was given a suspended sentence on June 5, 1952, for which reason he was not entitled to probation after the present conviction.

On December 8, 1953, appellant filed a motion for new trial based upon the stipulations above set out and on December 21, 1953, he filed a motion to set aside and allow the withdrawal of his plea of guilty, alleging that the plea was entered on the stipulation and agreement "that the state would join with the defendant in a motion to set aside all proceeding heretofore had in said cause, in the event the records at any time disclosed that the defendant was already under a suspended sentence for a similar type of charge."

On the same day, the trial court overruled appellant's motion for new trial and appellant excepted and gave notice of appeal to this court.

On the following day, December 22, 1953, an application to revoke appellant's probation was filed alleging that the appellant had violated the terms and conditions of such probation. A hearing was had and the trial court revoked the probation and ordered appellant to be delivered to the penitentiary authorities to serve the two year sentence. Appellant excepted to this action of the court also and gave notice of appeal.

Under the provisions of Art. 829 C.C.P. the notice of appeal after sentence has the effect of superseding the execution of the sentence and all other proceedings as fully as if taken at the proper time.

It must follow that if the trial court had authority to grant probation he could not, after the appeal had been taken, revoke it.

138

It is claimed in the appellant's brief that the plea of guilty in the former case was before the same trial judge and that the whole proceedings were tantamount to a promise to appellant that the plea of guilty in the present cause would not be used for the purpose of revoking a suspension of any prior felony conviction. If such charge be true, it is a serious one. Prosecuting attorneys have no right to circumvent the law in order to dispose of a charge by indictment without a contest. Nor should defense counsel or the court acquiesce in or become parties to such conduct.

A conviction in which the sentence is suspended is not such a final conviction as will support an enhancement of punishment, unless the suspension has been revoked. Fetters v. State, 108 Texas Cr. Rep. 282, 1 S.W. 2d 312.

However, a judgment granting an accused the benefit of the suspended sentence law is a judgment which will support a plea of former conviction. Coon v. State, 97 Texas Cr. Rep. 645, 263 S.W. 914. And by reason of such a conviction, an accused is not entitled to the benefit of the suspended sentence law on a subsequent conviction. Bradshaw v. State, 128 Texas Cr. Rep. 345, 81 S.W. 2d 83. We think that the latter rule applies in regard to probation of sentence.

Appellant was not eligible for probation because he was under suspended sentence. He was, however, led to believe otherwise and relied upon the fact that the attorney for the state had agreed in open court to recommend that he be granted probation. Both the state and appellant thereafter sought to have the conviction and probated sentence set aside under their stipulations. Under these facts we would not be warranted in affirming the conviction, disregarding the attempted probation of sentence, but must grant appellant another trial.

The judgment is reversed and the cause remanded for another trial as though no plea had been entered or a jury waived.