RAWLS, Chief Judge.
Appellant Varnom, by an instrument styled “Motion to Clarify Status and to Prevent Probation Supervision Pending Appeal” urges this Court to enter an order directing the Circuit Court and Florida Probation and Parole Commission to cease any supervision of him during the period of time this cause is on appeal.
Information was filed charging Varnom with the crime of robbery, and on the 22nd day of June, 1966, after a full scale trial, a jury returned a verdict of guilty. On December 5, 1966, the trial judge pursuant to the provisions of Section 948.01, Florida Statutes, F.S.A., withheld an adjudication of guilt and placed Varnom under the supervision of the Florida Probation and Parole Commission for a period of five years, from which order Varnom has prosecuted an appeal to this court. Since judgment pursuant to the verdict of the trial court has not been entered, no bond has been sought or set for Varnom for his remaining at liberty during the pendency of this appeal. In short, the trial judge by withholding sentence, has permitted Varnom to escape incarceration so long as he complies with the order of probation. Now he seeks to escape the compliance with said order upon the theory that the filing of a notice of appeal divested the trial court and the Probation and Parole Commission of any jurisdiction over him during the pendency of his appeal. To use a colloquialism, “He wants his cake and eat it too.”
The subject motion is denied without prejudice for Varnom, if he be so advised, to move this court to relinquish jurisdiction for a short period of time to the trial court for the purpose of his petitioning the trial court for an adjudication of guilt/ imposition of sentence pursuant to the jury verdict, and the setting of an appropriate bond pending this appeal.
JOHNSON and SPECTOR, JJ., concur.