ON MOTION TO REVIEW DENIAL OF SUPERSEDEAS
OWEN, Judge.
Appellant stood trial on two charges of manslaughter resulting in a jury verdict of guilty on each charge, following which the court withheld adjudication and sentencing and entered an order of probation on each charge. Appellant then appealed each of these orders and applied to the trial court for an order staying the terms of probation pending the disposition of the appeals, or alternatively, setting a super-sedeas bond to stay the terms of the orders of probation pending appeal. The court denied the motions but did not state in its orders of denial the reasons for so doing. Appellant has filed motions in this court pursuant to Rule 6.15(c) F.A.R., 32 F.S.A. to review these orders, which motions have been consolidated.
Appellant takes the position that under the provisions of F.S.1967, Section 924.14, F.S.A., his appeal from the two orders of probation entitles him to a stay of imposition of the probation conditions pending disposition of the appeals. The state contends that since sentencing was withheld there is nothing upon which F.S.1967, Section 924.14, F.S.A., can act, and since appellant is now at liberty under the provisions of the two orders of probation, and since a supersedeas bond is simply a bail bond by another name, Cash v. State, Fla. 1954, 73 So.2d 903, appellant already has the relief which he is seeking. The state further contends that if appellant desires that a supersedeas bond be set, the proper procedure would be for him to file a motion in this court to temporarily relinquish jurisdiction to the trial court so that he may petition that court for an adjudication of guilt and imposition of sentence on each of the charges, following which he could then apply to that court for admission to bail. The state relies upon Varnom v. State, Fla.App.1967, 198 So.2d 64, wherein this procedure was suggested as appropriate under similar circumstances.
By virtue of F.S.1967, Section 924.06(2), F.S.A., appellant has the right to appeal from an order granting probation in the same manner and with the same scope and same effect as if judgment of conviction had been entered and appealed from. It appears to be the legislative intent that one appealing from an order granting probation should be treated exactly the same as one appealing from a judgment and sentence. Thus, if one who has been adjudicated and sentenced is entitled to be at liberty on bail pending appeal, he should be equally entitled to be at liberty under terms of a supersedeas bond pending appeal from an order of probation.
Although the state contends that appellant is now at liberty under the provisions of the two orders of probation, it is clearly not an unrestricted or unfettered liberty, but requires the appellant to comply with a number of general and specific conditions. We see no valid reason for there to be greater restrictions or limitations placed upon one’s liberty pending appeal from an order of probation than would be the case if, instead of having been placed on probation, such person had been adjudicated and sentenced and then appealed.
Of course, following conviction one does not have a right to be at liberty pending appeal, but rather this is a matter which rests within the sound judicial discretion of the trial court. Younghans v. State, Fla.1956, 90 So.2d 308. The cited case establishes the principles which govern the exercise of such discretion. We merely hold here that one who appeals from an order of probation and applies to the trial court for a stay or supersedeas of the order of probation pending appeal, is entitled to have such application considered and determine by the same principles and considerations which would apply if such person had been adjudicated and sentenced *265 and was applying to the court for bail pending appeal from such judgment and sentence.
We relinquish jurisdiction of the cause temporarily and remand it to the trial court with directions to reconsider the motions in accordance with the principles set forth in Younghans v. State, supra.
It is so ordered.
McCAIN and REED, JJ., concur.