347 So.2d 777 (1977)
STATE of Florida ex rel. Irwin BRENNER, Relator,
v.
The Honorable Ira L. DUBITSKY, As Judge of the Circuit Court, Criminal Division, in and for Dade County, Florida, Respondent.
No. 77-506.
District Court of Appeal of Florida, Third District.
June 21, 1977.
Rehearing Denied July 27, 1977.
*778 Albert J. Krieger, Miami, for relator.
Richard E. Gerstein, State Atty., and Paul Rashkind, Asst. State Atty., for respondent.
Before BARKDULL, HAVERFIELD and HUBBART, JJ.
BARKDULL, Judge.
The relator was charged with certain crimes and pleaded nolo contendere, in order to preserve a question relating to a motion to suppress. He was adjudicated guilty and sentenced to a five-year term, the first two years to be served in prison and the last three he was to be on probation.
The matter was appealed to this court. A supersedeas bond was set and the sentence was stayed pending the appeal. The action of the trial judge was affirmed. See: Brenner v. State, 337 So.2d 1007 (Fla. 3rd D.C.A. 1976); petition for rehearing denied 341 So.2d 287 (Fla. 3rd D.C.A. 1977). Thereafter, within the fifteen-day period provided for in Fla.App.Rule 4.5c(6), the appellant in the cited case filed a petition for certiorari to the Supreme Court of Florida to review this court's decision which, as of this date, is still pending on the jurisdictional question.
Prior to the filing of the petition in the Supreme Court, an affidavit of alleged probation violation was filed against Irwin Brenner and was set for hearing before Circuit Judge Ira L. Dubitsky subsequent to the filing of the aforementioned petition for certiorari to the Supreme Court of Florida. Upon this happening, Brenner (as relator) filed the instant proceeding seeking to prohibit a hearing on alleged violation of probation because of the appeal in this court and the pending certiorari in the Supreme Court, which continued the supersedeas stay. We issued the rule nisi and, following return and argument thereon, we conclude that the relator is entitled to have the rule made absolute. See: Bateh v. State, 101 So.2d 869 (Fla. 1st D.C.A. 1958), wherein the following is found:
* * * * * *
"* * * This was error for the reason that the defendant filed his notice of appeal and posted a supersedeas bond on December 18, 1956. Under § 924.14, F.S., F.S.A., `The execution of a sentence * * is stayed upon the taking of the appeal and the defendant may be released on bail * * * ' (Emphasis supplied.) Thus, the execution of sentence must be deemed stayed for the period during which the defendant enjoys bail pending appeal."
* * * * * *
The respondent's reliance on Martin v. State, 243 So.2d 189 (Fla. 4th D.C.A. 1971) is misplaced. In the cited case the defendant had commenced serving his sentence; in the sentence has been stayed by the appellate and certiorari proceedings and the posting of a supersedeas bond.
In light of the above pronouncement, it is assumed we will not have to issue the rule absolute; that the respondent will abide by the opinion and decision of this court. However, this will not preclude the respondent from entertaining any motion to revoke the supersedeas that was accorded Brenner in the original appellate proceeding.