HUBBART, Judge.
This is an original petition for a writ of habeas corpus in which the petitioners [Teodula Paz Salomon and Ramon. Salomon] challenge the lawfulness of their present incarceration at the Dade County Jail in the custody of the respondent [Jack O. Sandstrom, Director of the Dade County Department of Offender Rehabilitation]. We issued a rule to show cause why the writ of habeas corpus should not issue against the respondent. The respondent has filed a return and the court has held a hearing on the petition and return. Chapter 79, Florida Statutes (1975).
The issue presented for review is whether a trial court has jurisdiction to modify a probation order entered in a criminal case while the judgment of conviction and probation order is on appeal before an appellate court of competent jurisdiction. We hold that the trial court lacks such jurisdiction and grant the petition for writ of habe-as corpus.
It appears without dispute that on June 24, 1976, the petitioners were charged with certain lottery violations before the Circuit Court of the Eleventh Judicial Circuit of Florida. On May 26, 1977, the jury found the petitioners guilty as charged after a full trial. Whereupon the trial court adjudicated the petitioners guilty and committed them to the custody of the respondent without bail pending sentencing.
On May 31, 1977, the petitioners were heard by the trial court on a petition for release from custody on their prior trial appearance bonds pending sentencing. The trial court took testimony, heard argument and thereafter placed the petitioners on five years probation subject to terms and conditions to be set forth by further order *697 of the court. On June 23, 1977, the petitioners filed a timely notice of appeal to review the above judgment of conviction and probation order.
On July 19, 1977, the trial court, over objection by petitioners’ counsel, modified the original order of probation by imposing special probationary conditions which required the petitioners to serve a total of four years in the state prison and sixty days in the county jail. This order was entered at a time when the judgment of conviction and probation order was before this court on appeal.
The law is clear that “the filing of a notice of appeal . . . vests in the appellate court complete and exclusive jurisdiction of the subject matter and of the parties to the appeal.” State of Florida ex rel. Faireloth v. District Court of Appeal, 187 So.2d 890, 891 (Fla. 1966). After an appeal has been perfected in a criminal case and during the pendency of such appeal, a trial court has no jurisdiction to grant a motion for new trial, State ex rel. Hall v. Lewis, 88 Fla. 146, 101 So. 199 (1924), or to modify a finding of guilt, McCormick v. State, 153 Fla. 838, 16 So.2d 49 (1943), or to revoke or alter a sentence such as an order of probation. See State ex rel. Brenner v. Dubitsky, 347 So.2d 777 (Fla.3d DCA 1977).
The circuit court had no jurisdiction in the instant case to modify the original five year probation order because a notice of appeal from the judgment of conviction and sentence had been perfected and was presently pending before this court. This result is unchanged by the respondent’s contention that the petitioners’ appeal is subject to dismissal. The petitioners’ appeal remains pending before this court until dismissed or decided on the merits; while so pending, the trial court lacks jurisdiction to modify or revoke the original probation order under review. Accordingly, petitioners’ current detention in the custody of the respondent pursuant to the modification of probation is illegal from which the petitioners are entitled to immediate release. Thereafter, the petitioners shall be subject to the original five year probation order during the pendency of their appeal before this court. The habeas corpus petition is granted and the writ of habeas corpus shall issue forthwith releasing the petitioners from the custody of the respondent. It is so ordered.