369 So.2d 674 (1979)
Christopher A. BUSH, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 78-1043, 78-1377.
District Court of Appeal of Florida, Third District.
April 17, 1979.
*675 Bennett H. Brummer, Public Defender and Mark King Leban, Special Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Calvin L. Fox, Asst. Atty. Gen., for appellee.
Before BARKDULL, HUBBART and SCHWARTZ, JJ.
SCHWARTZ, Judge.
In 1977, Bush pled nolo contendere to a charge of battery on a law enforcement officer; adjudication of guilt was withheld and he was placed on two and a half years probation. While that judgment, which was not stayed or superseded, was on appeal to this court,[1] Bush was charged with and convicted of the sale of heroin. Because of the heroin violation, his existing probation for the battery charge was revoked; he was adjudicated guilty of both crimes and sentenced to concurrent terms of two years in the state prison. In these consolidated appeals, he challenges both judgments and sentences. We affirm.
As to the substance of the heroin charge, the record shows that on February 4, 1978, a confidential informant who was not otherwise identified told officer Mullaly of the Dade County Public Safety Department that a black male and a black female, whom he described, were dealing in drugs on a specified street corner. As a result, Mullaly went to the vicinity of the corner, which was located in an area of the county known to the officer as one "used heavily in the narcotics traffic." Within a half hour, he personally observed three separate incidents in which a person approached the male, who turned out to be Bush, and gave him currency; on each occasion the female, Vanessa Thrash, thereupon took from her change purse and handed the "customer" a tin foil packet of a type which Mullaly knew from extensive experience invariably contained a controlled substance. After the third such transaction, Mullaly  without a warrant  along with two other backup officers, arrested *676 Bush and Thrash for unlawful sale or delivery of contraband. In searches conducted incident to the arrests, the officers discovered 28 tin foil packets of heroin in Thrash's change purse and over $200 in cash on Bush.
Bush's primary contention on appeal is that the heroin and cash should have been suppressed because Mullaly did not have probable cause to make the warrantless arrests. This claim is in turn based upon the fact that the state did not establish the reliability and credibility of the confidential informant whose information led Mullaly to observe the defendant. The defendant relies on the familiar authority of Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), and Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); see St. John v. State, 356 So.2d 32 (Fla. 1st DCA 1978); Davis v. State, 346 So.2d 141 (Fla. 1st DCA 1977), cert. denied, 353 So.2d 679 (Fla. 1977). We think that this reliance is entirely misplaced. In the case at bar, the tip by the c.i., and therefore his personal reliability and believability, were in effect irrelevant to the propriety of the defendant's arrest, which was based entirely and independently upon what the officer himself saw, rather than what he was told. See State v. Gieseke, 328 So.2d 16 (Fla. 1976); Findlay v. State, 316 So.2d 33 (Fla. 1975); State v. Henderson, 318 So.2d 524 (Fla. 2d DCA 1975), cert. denied, 330 So.2d 18 (Fla. 1976). And we think it apparent that what Mullaly saw, as interpreted by him in the light of his training and experience, more than established probable cause to conclude that the defendant had committed the felony for which he was arrested. This court so held on very similar facts in Skelton v. State, 349 So.2d 193, 194 (Fla. 3d DCA 1977), where we stated:
"Probable cause to arrest exists where a reasonable man, having the specialized training of a police officer, in reviewing facts known to the arresting officer prior to the actual time of arrest, would come to the conclusion that a felony is being or has been committed by the person to be arrested. State v. Profera, 239 So.2d 867 (Fla. 4th DCA 1970); see also Russell v. State, 266 So.2d 92 (Fla. 3d DCA 1972); State v. Knapp, 294 So.2d 338 (Fla. 2d DCA 1974)."
* * * * * *
"Under the totality of the circumstances, Officer Cantillo had probable cause to believe that the packets contained cannabis (marijuana) and a narcotics sale was in progress."
Citing our decisions in State ex rel. Salomon v. Sandstrom, 349 So.2d 696 (Fla. 3d DCA 1977) and State ex rel. Brenner v. Dubitsky, 347 So.2d 777 (Fla. 3d DCA 1977), Bush also contends that the trial judge had no jurisdiction to revoke his probation for the battery charge while that case was on appeal. We do not agree.[2] The Brenner case holds only that the lower court may not adjudicate a violation of the terms of a sentence to probation while the sentence was validly stayed by a properly posted supersedeas bond and the effect of the then applicable appellate rules. See 3 Fla.Jur.2d Appellate Review § 143 (1978); cf. Martin v. State, 243 So.2d 189 (Fla. 4th DCA 1971), cert. denied, 247 So.2d 63 (Fla. 1971), as distinguished in Brenner. In Salomon we simply held that the trial court could not unilaterally reconsider, amend, or revoke a probationary sentence after an appeal had been taken to review it. See Goodner v. Shapiro, 367 So.2d 1110, n. 1 (Fla. 3d DCA 1979); Liberman v. Rhyne, 248 So.2d 242 (Fla. 3d DCA 1971), cert. denied, 252 So.2d 798 (Fla. 1971); Fulton v. Poston Bridge & Iron, Inc., 122 So.2d 240 (Fla. 3d DCA 1960), cert. denied, 125 So.2d 879 (Fla. 1960). Neither case considered or controls *677 the present situation, which involves subsequent conduct of the defendant in violation of an unstayed order of probation. Under these circumstances, we hold that the general rule that, during the pendency of an appeal, the trial court retains jurisdiction to enforce the terms of an unsuperseded judgment is applicable so as to confer authority upon the lower court to consider such an alleged violation and, if appropriate, to revoke the probation in question. See Glasser v. Hachett, 37 Fla. 358, 20 So. 532 (1896); 3 Fla.Jur.2d Appellate Review § 132 (1978), and cases cited.
Affirmed.
NOTES
[1] The judgment has since been affirmed in Bush v. State, 367 So.2d 273 (Fla. 3d DCA 1979).
[2] If the issue were not one of subject matter jurisdiction (and particularly because the judgment has been affirmed in the meantime, see n. 1, supra), we would be disinclined even to consider any separate point involving the probation case since only a concurrent sentence was imposed. Hirabayashi v. United States, 320 U.S. 81, 63 S.Ct. 1375, 87 L.Ed. 1774 (1943); Mathis v. State, 348 So.2d 1221 (Fla.3d DCA 1977), cert. denied, 357 So.2d 186 (Fla. 1978); see Gibson v. State, 368 So.2d 667, n. 2 (Fla. 3d DCA 1979).