607 P.2d 21

**The SHELL OIL COMPANY, a Delaware corporation, Plaintiff/Appellant,**

v.

**Kent F. CHRISTIE dba Christie Oil Company and Richard B. Flint dba Flint Oil Company, Defendants/Appellees.**

No. 2 CA–CIV 3348.

Court of Appeals of Arizona, Division 2.

Dec. 19, 1979.

Rehearing Denied Jan. 23, 1980.

Review Denied Feb. 13, 1980.

Chandler, Tullar, Udall & Redhair by D. B. Udall, Tucson, and W. Page Keeton, Associated Counsel, Austin, Tex., for plaintiff/appellant.

May, Dees & Barassi by Willis R. Dees, and Lesher, Kimble & Rucker, P. C. by William Kimble, Tucson, for defendant/appellee Christie.

Bilby, Shoenhair, Warnock & Dolph, P. C., by John E. Lindberg, Tucson, for defendant/appellee Flint.

OPINION

HATHAWAY, Judge.

Plaintiff/appellant brought this lawsuit for indemnity or contribution from the de-

fendants/appellees, defendants with appellant in the personal injury case, *Shell Oil Co. v. Gutierrez*, 119 Ariz. 426, 581 P.2d 271 (App.1978). There, based on the doctrine of strict liability, verdicts in the sum of $500,000 and $1,500,000 were affirmed against all defendants (the appellant and appellees herein).

Appellant paid the amount of the judgments plus interest and costs and sought recovery of one-third of that amount from each appellee in the instant case. Appeal is taken from a ruling granting appellees' motion to dismiss for failure to state a claim. We affirm.

Appellant's position is that the rule against contribution among joint tortfeasors, as has been recognized in Arizona, *Holmes v. Hoemako Hospital*, 117 Ariz. 403, 573 P.2d 477 (1977), should be abolished. Aside from the problem of whether such a course would require disaffirmance of Arizona Supreme Court precedent, a question reserved to that court, *McKay v. Industrial Commission*, 103 Ariz. 191, 438 P.2d 757 (1968), we believe the thicket of contribution schemes and their ramifications, recognized in *Wenatchee Wenoka Growers Assn. v. Krack Corporation*, 89 Wash.2d 847, 576 P.2d 388 (1978), would be best entered, if at all, by the legislature. Thirty-five states have considered the matter legislatively and only four judicially. See, Contribution Between Joint Tortfeasors, 1977, Ariz.St.L.J., 673.

Appellant contends the *"Gallagher-type"* agreements entered into by appellees should be rejected as contrary to public policy. As stated in *Shell Oil v. Gutierrez*, supra, the *Gallagher* agreements were entered during jury deliberations. Such agreements have been recognized and accepted in Arizona. *City of Tucson v. Gallagher*, 108 Ariz. 140, 493 P.2d 1197 (1972); *Mustang Equipment, Inc. v. Welch*, 115 Ariz. 206, 564 P.2d 895 (1977); *Sequoia Manufacturing Company, Inc. v. Halec Construction Co., Inc.*, 117 Ariz. 11, 570 P.2d 782 (1977); *Hemet Dodge v. Gryder*, 23 Ariz. App. 523, 534 P.2d 454 (1975). Such agreements have been recognized and accepted in other jurisdictions also. *Weinstein v. National Car Rentals*, 288 So.2d 509 (Fla.App. 1973); *Booth v. Mary Carter Paint Company*, 202 So.2d 8 (Fla.App.1967); *Reese v. Chicago, Burlington & Quincy Railroad Co.*, 55 Ill.2d 356, 303 N.E.2d 382 (1973); *Wilson v. Anderson*, 113 Colo. 396, 157 P.2d 690 (1945). See generally, 62 A.L.R.3d 1111. Appellant has presented nothing which calls into question the validity of the agreements entered into by appellees. Appellees sought to protect themselves through settlement of the lawsuit against them. This they have a right to do and settlements of litigation are favored.

Affirmed.

HOWARD, J., and LLOYD FERNANDEZ, Superior Court Judge, concur.

NOTE: Chief Judge JAMES L. RICHMOND having requested that he be relieved from consideration of this matter, Judge LLOYD FERNANDEZ was called to sit in his stead and participate in the determination of this decision.