387 So.2d 433 (1980)
William Stewart LOEB, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-1385.
District Court of Appeal of Florida, Third District.
August 12, 1980.
Rehearing Denied September 26, 1980.
*434 Alfonso C. Sepe and Alan R. Soven, Miami, for appellant.
Jim Smith, Atty. Gen. and Steven R. Jacob, Asst. Atty. Gen., for appellees.
Before BARKDULL, HUBBART and NESBITT, JJ.
NESBITT, Judge.
The issue before us is whether the trial court had jurisdiction, following dismissal of the defendant's appeal from an order of probation and issuance of a mandate affirming his conviction, to revoke defendant's probation for conduct which occurred while the appeal was pending and imposition of the terms of probation was stayed pending review. We hold that the trial court had jurisdiction and affirm the order which denied defendant's motion, made pursuant to Florida Rule of Criminal Procedure 3.850, to vacate the order of revocation.
The factual background and pertinent dates which are essential to an understanding of this appeal are:
In August of 1976, defendant was charged with selling counterfeit "Super Bowl" tickets.
On August 31, 1976, a jury found him guilty of that offense.
On October 13, 1976, defendant was sentenced to five years probation with a special condition of sixty days in the county jail.
*435 In November, 1977, defendant was charged with several counts of petit larceny. About the same time, an affidavit of violation of probation was filed. The defendant was subsequently acquitted on all counts of petit larceny.
On December 1, 1977, however, he was adjudicated in violation of his probation.
On December 6, 1977, he was sentenced to five years probation with a special condition of probation that he be confined to the county jail for a period of one year. To review that judgment, an appeal was taken to this court and sentence was stayed pending review by the posting of a supersedeas bond.
On April 25, 1978, defendant's appeal was dismissed by this court.[1]
On May 22, 1978, the mandate of this court was issued.[2]
On June 27, 1978, defendant was charged in a three-count information for perjury which had occurred on May 17, 1978, during the period his prior judgment was stayed pending the review of this court.
On July 21, 1978, an affidavit of probation violation was filed in the original case.
On August 7, 1978, defendant entered into a negotiated plea where he was allowed to plead guilty to the perjury information and admitted violation of the terms and conditions of his probation in the prior case. He was sentenced to a four-year term on the perjury count and a four-year term for violation of his probation. These sentences were to be served consecutively.
On June 17, 1979, defendant filed a motion to vacate the sentence imposed on revocation of his probation based upon an alleged impediment of the trial court's jurisdiction to entertain the proceeding and accept his guilty plea.
On June 29, 1979, the motion was denied and this appeal ensued.
At common law, under writ of error practice, the issuance of a writ, ipso facto, operated as a supersedeas. Rabon v. State, 7 Fla. 10 (1857). Gratuitous stays have now been abrogated and are controlled entirely by statute or rule of court. City of Jacksonville v. Brentwood Golf Course, Inc., 338 So.2d 1105 (Fla. 1st DCA 1976).
It is established that, "the filing of a notice of appeal in the manner and within the time prescribed by the ... rules [promulgated by the Supreme Court] vests in the appellate court complete and exclusive jurisdiction of the subject matter and of parties to the appeal." State ex rel. Faircloth v. District Court of Appeal, Third District, 187 So.2d 890, 891 (Fla. 1966).
Supersedeas, or stay pending review,[3] as it is more aptly described under current practice, occurs with the filing of an appeal from a judgment or sentence[4] and the posting of a supersedeas bond.[5] The sufficiency and adequacy of the bond is to be approved by the trial court.[6] In a like manner, when a defendant appeals an order granting probation he is entitled to a stay pending review. This is so because "[a]n appeal of an order granting probation shall proceed in the same manner and have the same effect as an appeal of a judgment or conviction." § 924.06(2), Fla. Stat. (1979); Murphy v. State, 231 So.2d 263 (Fla. 4th DCA 1970). A supersedeas bond in a criminal appeal (except where the sentence is only for a monetary fine[7]) is nothing more than a bail bond by a different name. § 924.065, Fla. Stat. (1979); Cash v. State, 73 So.2d 903 (Fla. 1954).
The effect of a stay pending review in a criminal appeal is preventive in nature. It preserves the status quo of the litigation pending appellate review and suspends *436 the power of the lower court to issue execution of the judgment or sentence. Bateh v. State, 101 So.2d 869, 875 (Fla. 1st DCA 1958), cert. discharged, 110 So.2d 7 (Fla.), cert. denied, 361 U.S. 826, 80 S.Ct. 74, 4 L.Ed.2d 69 (1959). Stated differently, stay pending review has the effect of suspending proceedings in the lower court in relation to the order appealed from but, unlike reversal, does not annul or cancel the order. Powell v. Florida Land & Improvement Co., 41 Fla. 494, 26 So. 700 (1899). The affirmance or the dismissal of an appeal does not detract from the power of the lower court to enforce its judgment by arrest and commitment after re-investiture of its jurisdiction. Ex Parte Peacock, 25 Fla. 478, 6 So. 473 (1889).
An order granting probation is not a sentence; it is the grace of the state, in lieu of a sentence, granted in hopeful anticipation of a defendant's rehabilitation. Freeman v. State, 382 So.2d 1307 (Fla. 3d DCA 1980); Russell v. State, 342 So.2d 96 (Fla. 3d DCA 1977). As we have stated, an order granting probation may be stayed pending review as may a judgment or sentence on appeal. Therefore, it follows that upon affirmance or dismissal of the appeal and re-investment of the trial court's jurisdiction, the trial court has the power to conduct a revocation hearing for violations of probation which occurred during the pendency of the appeal even though probation had been stayed pending review. Otherwise, the appeal of an order granting probation, which is stayed pending review, would constitute a license to flaunt the authority of the court with impunity.
We have previously held that a trial court does not have jurisdiction, pending appeal of an order which has been stayed, to conduct a probation revocation hearing. State ex rel. Brenner v. Dubitsky, 347 So.2d 777 (Fla. 3d DCA 1977). Conversely, we have held the trial court does have jurisdiction to conduct a revocation hearing on an order of probation which has been appealed but not stayed pending review. Bush v. State, 369 So.2d 674 (Fla. 3d DCA 1979). Bush is consistent with the view that the trial court may enforce its orders and judgments which are not stayed pending review. 3 Fla.Jur.2d Appellate Review § 132 (1978). However, there is a difference between a situation whereby a trial court seeks to enforce rather than modify its unstayed order or judgment pending appeal. In the latter situation, the trial court interferes with the subject matter of the appeal which has been withdrawn until the appeal is heard and determined or the interim actions of the trial court are authorized by the appellate court. State ex rel. Salomon v. Sandstrom, 349 So.2d 696 (Fla. 3d DCA 1977).
For the foregoing reasons, there was no jurisdictional impediment to prohibit the trial court from entertaining an affidavit of probation violation and accepting the defendant's plea to violation of the terms and conditions of the probation order and subsequently sentencing him.
Accordingly, the denial of the motion to vacate the defendant's sentence imposed on this plea to an affidavit of probation violation is affirmed.
NOTES
[1] Loeb v. State, 358 So.2d 1201 (Fla. 3d DCA 1978). The effect of the order of dismissal was to leave the original order as if no appeal had been taken. Gaskins v. Mack, 91 Fla. 284, 107 So. 918 (1926).
[2] Fla.R.App.P. 9.340(a).
[3] Fla.R.App.P. 9.310(a).
[4] § 924.14, Fla. Stat. (1979).
[5] § 924.065, Fla. Stat. (1979).
[6] Fla.R.Crim.P. 3.691(e).
[7] § 921.15, Fla. Stat. (1979).