ON MOTION TO REVIEW DENIAL OF SUPERSEDEAS BOND
PER CURIAM.
At issue is the propriety of the trial court’s denial of a motion to set a superse-deas bond. We reverse. ■
Defendant entered a plea of nolo conten-dere specifically reserving the right to appeal the denial of his motion to suppress. Upon filing the notice of appeal, defendant requested a supersedeas bond. Initially, the state indicated that it was not opposed. to a supersedeas bond, but then seemed to change its position as the hearing progressed. The trial court ultimately denied the motion, basing its decision on the fact that the defendant had entered a plea rather than having been convicted by a jury.
In Murphy v. State, 231 So.2d 263 (Fla. 4th DCA 1970), we held that there is “no valid reason for there to be greater restrictions or limitations placed upon one’s liberty pending appeal from an order of probation than would be the case if, instead of having been placed on probation,' such person had been adjudicated and sentenced and then appealed.” Id. at 264. Accordingly, we ruled that the trial court, in the sound exercise of its judicial discretion, must determine eligibility for supersedeas bond under the criteria set forth in Younghans v. State, 90 So.2d 308 (Fla.1956).
The record in the case at bar affirmatively discloses that the trial court failed to evaluate the defendant’s motion against the Younghans criteria. Thus, we reverse the order denying the motion for superse-deas bond and direct the trial court to reconsider the motion in light of the principles enunciated in Younghans, supra.
REVERSED AND REMANDED WITH DIRECTIONS.
ANSTEAD, C.J., and' HERSEY and HURLEY, JJ., concur.