713 P.2d 288

**STATE of Arizona, Appellee,**

v.

**Gene Wright ALBE, Appellant.**

**No. 1 CA–CR 7155.**

Court of Appeals of Arizona,
Division 1, Department D.

Nov. 13, 1984.

Reconsideration Denied Nov. 6, 1985.

Review Denied Jan. 21, 1986.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel Criminal Div. and David R. Cole, Asst. Atty. Gen., Phoenix, for appellee.

Michael J. Dew, Phoenix, for appellant.

## OPINION

CONTRERAS, Judge.

This is an appeal from a probation revocation. On January 13, 1982, appellant was placed on probation for a period of five years after a jury found him guilty of one count of unlawful furnishing of marijuana. On January 18, 1982, appellant filed a notice of appeal of the conviction and sentence. On January 27, 1983, a petition to revoke appellant's probation was filed alleging that, on January 13, 1983, appellant violated two terms of his probation. Appellant's motion to dismiss the petition to revoke probation was denied. On April 28, 1983, after violation and disposition hearings, the trial court revoked appellant's probation and sentenced him to a term of imprisonment of six years. On July 12, 1983, this court, by Memorandum Decision in 1 CA–CR 5918, affirmed the trial court's judgment of conviction. Appellant raises two issues on this appeal from the probation revocation:

1. Did the trial court err in denying appellant's motion to dismiss the petition to revoke probation on the ground that the trial court lacked jurisdiction since the underlying conviction was on appeal?

2. Did the trial court err in considering evidence gathered as a result of an illegal entry into appellant's residence at the probation violation hearing?

## MOTION TO DISMISS

Appellant claims that the trial court was without jurisdiction to revoke his probation because the underlying conviction for which he was placed on probation was on appeal at the time. Appellant filed a motion to dismiss the petition to revoke probation, which was denied. Appellant argues that Rule 31.11, Arizona Rules of Criminal Procedure, supports his position that the trial court did not have jurisdiction. Rule 31.11 reads:

No new matter, other than a petition for post-conviction relief not precluded under Rule 32.2, may be filed in the trial

court by any party to an appeal later than 15 days after the record on appeal has been filed.

Appellant argues that, under this rule, the trial court was divested of jurisdiction to revoke his probation when his appeal was perfected.

The comment to Rule 31.11 states:

Perfection, under this section, merely designates to what court new matters relating to the appeal must be addressed. It does not remove the trial court's jurisdiction to decide motions filed before the cut-off date, or petitions for post-conviction relief based upon issues which are not raisable on appeal and were not raised in a post-trial motion. See Rules 24.2; 24.3; 32.1; 32.2. Thus, a Rule 24 motion which was filed before perfection may be decided by the trial court after perfection whether or not the appeal has been stayed under Rule 31.4(a).

▮ Appellant argues that the revocation of probation is a resentencing and therefore a "new matter" under Rule 31.-11. Under *State v. Ferguson*, 119 Ariz. 55, 579 P.2d 559 (1978), the trial court has no jurisdiction to modify a sentence while a case is on appeal. We agree with the state, however, that the revocation of probation is not a "new matter" within the meaning of that term in Rule 31.11. A.R.S. § 13–603(B) provides:

If a person is convicted of an offense, the court, if authorized by chapter 9 of this title, may suspend the imposition or execution of sentence and grant such person a period of probation except as otherwise provided by law. *The sentence is tentative to the extent that it may be altered or revoked in accordance with chapter 9 of this title,* but for all other purposes, it is a final judgment of conviction.

(Emphasis supplied.)

A.R.S. § 13–901(C) provides:

The court may in its discretion issue a warrant for the rearrest of the defendant and may modify or add to the conditions or, if the defendant commits an additional offense or violates a condition, revoke probation in accordance with the rules of criminal procedure *at any time prior to the expiration or termination of the period of probation.*

(Emphasis supplied.)

Appellant's sentence had not been stayed pending the appeal of his conviction and sentence. Rule 31.6, Arizona Rules of Criminal Procedure, governs the stay of execution of sentence pending appeal: "A sentence of imprisonment shall be stayed pending appeal when the defendant is released in accordance with Rule 7.2(b). . . ." Rule 7.2(b) governs the right to release after conviction:

After a person has been convicted of any offense for which he has or may suffer a sentence of imprisonment, he shall not be released on bail or on his own recognizance unless it is established that there are reasonable grounds to believe that the conviction may be set aside on a motion for new trial, reversed on appeal, or vacated in any post-conviction proceeding. The release of a person pending appeal shall be revoked if he fails to prosecute his appeal diligently.

Appellant cites several cases from other jurisdictions as authority for his position. However, the Florida cases cited by appellant, *State ex rel. Salomon v. Sandstrom*, 349 So.2d 696 (Fla.App.1977) and *State ex rel. Brenner v. Dubitsky*, 347 So.2d 777 (Fla.App.1977) have been explained and distinguished in a later case, *Bush v. State*, 369 So.2d 674 (Fla.App.1979). In *Bush*, the Florida court stated that *Brenner* held only that the trial court cannot adjudicate a violation of the terms of a sentence to probation while the sentence is validly stayed by a properly posted supersedeas bond and the effect of the then applicable appellate rules. The court in *Bush* stated that *Salomon* stood for the proposition that the trial court could not unilaterally reconsider, amend or revoke a probation sentence after an appeal had been taken to review it. The court then distinguished the situation in *Bush*, a case involving subse-

quent conduct of a defendant in violation of unstayed order of probation:

> Under these circumstances, we hold that the general rule that, during the pendency of an appeal, the trial court retains jurisdiction to enforce the terms of an unsuperseded judgment is applicable so as to confer authority upon the lower court to consider such an alleged violation and, if appropriate, to revoke the probation in question. (Citations omitted.)

*Id.* at 677.

Appellant also cites *Cromeans v. State,* 160 Tex.Cr.R. 135, 268 S.W.2d 133 (1954) in support of his argument. However, the court in *Cromeans* relied on a statutory provision, Art. 829, C.C.P., in stating that the notice of appeal supersedes execution of the sentence and all other proceedings.

Realistically, if we were to subscribe to appellant's argument the net result would be that a defendant's probation could not be revoked pending appeal of his underlying conviction. The defendant could have in essence a "free ride" while his appeal is pending. Following appellant's logic, two results could obtain. First, if the trial court loses its jurisdiction to revoke probation, then in order for the trial court to consider revocation the appellate court would have to revest jurisdiction in the trial court. Second, if jurisdiction was not revested, the trial court would not have jurisdiction to hold the revocation hearing for violations arising during the pendency of the appeal until after the appeal was decided adversely to a defendant. A consideration of the relevant statutes and criminal rules leads us to conclude that neither result should obtain.

█ We agree with the state that the revocation of probation is not a "new matter" within the meaning of Rule 31.11. In addition, there was no stay of the sentence in this case and the trial court retained jurisdiction to revoke appellant's probation. If we had reversed the underlying conviction, we would have had to reverse the

probation revocation. *See State v. Para,* 120 Ariz. 26, 583 P.2d 1346 (App.1978). However, appellant's judgment of conviction has been affirmed.

### EXCLUSIONARY RULE

Appellant also argues that the trial court should have applied the exclusionary rule to exclude from his probation revocation proceeding any evidence gained by the police in what he asserts was an illegal entry into his residence. Appellant admits that the holding in *State v. Alfaro,* 127 Ariz. 578, 623 P.2d 8 (1980) applies to this case. In *Alfaro,* the Arizona Supreme Court held that the exclusionary rule does not apply to probation revocation proceedings. Appellant submits that *Alfaro* should be reconsidered for two reasons: first, because the composition of the Arizona Supreme Court has changed since the three-to-two *Alfaro* decision, and second, because there is a split of authority in the federal and state courts over the scope of the exclusionary rule in probation revocation proceedings.[1]

█ This court as an intermediate appellate court is not empowered to overturn a decision of the supreme court of this state. *State v. Korte,* 115 Ariz. 517, 566 P.2d 318 (App.1977). A decision on whether a state supreme court precedent should be disaffirmed is reserved to the supreme court. *Shell Oil Co. v. Christie,* 125 Ariz. 38, 607 P.2d 21 (App.1979). We therefore must decline the invitation to revisit *Alfaro.*

Appellant also argues that *Alfaro* should not apply to the instant case because there was a violation not of his Fourth Amendment rights, but rather of a specific statute, A.R.S. § 13–3916, the purpose of which is to avoid potentially violent confrontations between police and citizens. Even if this difference were persuasive, the "knock and announce" statute has two purposes: "protection of the individual's right to privacy in his home and reduction of the possibility of harm inherent in an unannounced entry." *State v. Wright,* 131 Ariz.

---

1. The Ninth Circuit Court of Appeals has also held that the exclusionary rule does not apply in

probation revocation proceedings. *United States v. Winsett,* 518 F.2d 51 (9th Cir.1975).

578, 580, 643 P.2d 23, 25 (App.1982). We conclude that the statute upon which appellant premises this argument is closely related to the rationale expressed in *Alfaro* so as to preclude our consideration. Accordingly, and in line with *State v. Alfaro*, the trial court did not err in considering the evidence stemming from the search and seizure in this case.

For the reasons stated, the revocation of appellant's probation and the sentence imposed are affirmed.

CORCORAN, P.J., and MEYERSON, J., concur.