Ms. Louise Hanaoka 18501 Murdock Circle, Sixth Floor Port Charlotte, Florida 33948
Dear Ms. Hanoaka:
On behalf of the Clerk of the Circuit Court for the Twentieth Judicial Circuit, the Honorable Barbara T. Scott, you ask substantially the following question:
Does s. 924.065(1), F.S., require the clerk of the circuit court to approve the super-sedeas bond in addition to approval by the court?
In sum:
Section 924.065(1), F.S., does not require the clerk of the circuit court to approve the super-sedeas bond. Supersedeas, or stay pending review, occurs with the filing of an appeal from a judgment or sentence and the posting of a supersedeas bond.[1] A supersedeas bond in a criminal appeal has been considered by the courts to be nothing more than a bail bond by a different name.[2]
Pursuant to s. 924.065(1), F.S.
Immediately after denial of a motion for a new trial or a motion in arrest of judgment, the court shall dictate the denial to the court reporter and sentence the defendant. The defendant may file notice of appeal following denial of the motion and sentencing. Upon filing of notice of appeal, the court shall set the amount of the appeal bond if the defendant is entitled to bail.[3] The clerk shall prepare a certificate setting forth the filing and approval of the super-sedeas bond, and the certificate shall be sufficient authority for release of the defendant. (e.s.)
The sufficiency and adequacy of the bond is to be approved by the trial court.[4] Section 924.15, F.S., provides that appeal bonds are required to be approved by the court which originally determined the action and must be filed with the clerk of that court.[5] Pursuant to Fla.R.Crim.P. 3.690(e) which provides for the post-trial release of persons adjudicated guilty of non capital offenses, the "court shall approve the sufficiency and adequacy of the bond, its security, and sureties, prior to the release of the defendant."
The statute and rules thus clearly state that it is the court which is responsible for approving the sufficiency and adequacy of the bonds. Such bonds approved by the court are to be filed with the clerk of that court.
While s. 924.065(1), F.S., requires the clerk to prepare a certificate which sets forth the filing and approval of the bond, it does not specify that the clerk is required to approve the bond. Rather the statute appears to require the clerk to prepare a certificate indicating that the bond has been approved by the court and filed with the clerk of the court. I am not aware of any other statute or rule of court which requires the clerk in addition to the court to approve the supersedeas bond.
Accordingly, I am of the opinion that s. 924.065(1), F.S., does not require the clerk of the circuit court to approve the supersedeas bond.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 924.14, F.S., stating that an appeal by a defendant from either the judgment or sentence shall stay execution of the sentence, subject to the provisions of s. 924.065, F.S.
[2] Cash v. State, 73 So.2d 903. 904 (Fla. 1954) (as related to criminal proceedings, a supersedeas bond is simply a bail bond by another name); Loeb v. State, 387 So.2d 433, 435 (3 D.C.A. Fla., 1980) (a supersedeas bond in a criminal appeal except where the sentence is only for a monetary fine is nothing more than a bail bond by a different name).
[3] See, ss. 903.132 and 903.133, F.S., setting forth the conditions for granting bail on appeal and prohibiting the admission of bail pending review on appeal for certain felony convictions. See also, Fla.R.Crim.P. 3.691 providing for post-trial release.
[4] Loeb v. State, 387 So.2d 433 (3 D.C.A. Fla., 1980).
[5] And see, s. 903.34, F.S., which provides that in criminal actions instituted or pending in any state court, bonds given by defendants before trial until appeal shall be approved by a committing magistrate or the sheriff; appeal bonds, however, "shall be approved as provided in s. 924.15."