PER CURIAM.
The State of Florida (the “State”) appeals the imposition of a downward departure following a guilty plea entered by Travis Scott (the “Defendant”). Although we agree with the State that the trial court failed to articulate a sufficient basis and requisite factual findings for the downward departure, because of the subsequent proceedings involved, this issue has been rendered moot.
The Defendant was charged by information with, inter alia, two counts of third degree felony violations.[1] The State then filed notice of its intent to seek an enhanced penalty under Florida’s habitual offender statute.[2] § 775.084, Fla. Stat. (2009). Pursuant to the sentencing guidelines scoresheet, the underlying case mandated that the trial court impose a minimum sentence of 36.9 months. At the plea hearing, the trial court qualified the Defendant as a habitual offender, but imposed a downward departure of two years in community control followed by three years of supervised probation, with the special conditions of successfully completing the community control program and paying restitution to the victim. In so doing, the trial court was without the benefit of our recent decision of State v. Ford, 48 So.3d 948 (Fla. 3d DCA 2010).
However, during the pendency of this appeal, the Defendant violated the terms of the community control program, and was subsequently sentenced to 36.9 months in the Department of Corrections as a habitual offender. Because “the trial court does have jurisdiction to conduct a revocation hearing on an order of [community control] which has been appealed but not stayed pending review[,]” the trial court was not prohibited “from entertaining an affidavit of [community control] violation and accepting the defendant’s [admission to] violation of the terms and conditions ... and subsequently sentencing him.” Loeb v. State, 387 So.2d 433, 436 (Fla. 3d DCA 1980). Accordingly, the trial court lawfully accepted the Defendant’s admission as to the community control violation, and thereafter imposed the 36.9 month sentence as mandated by the sentencing guidelines scoresheet.
Because the Defendant has now been sentenced to the minimum sentencing guideline of 36.9 months, the issue on appeal has been rendered moot.
Affirmed.

. The amended information included the following counts: (1) burglary of an unoccupied structure, a third degree felony, (2) grant theft, a third degree felony, (3) criminal mischief, a first degree misdemeanor, (4) reckless driving, a second degree misdemeanor, and (5) no valid driver’s license, a traffic citation.

. Specifically, the State sought to designate the Defendant as a habitual felony offender, habitual violent felony offender, and violent career criminal. §§ 775.084(l)(a), 775.084(l)(b), & 775.084(l)(d), Fla. Stat. (2009).