PER CURIAM.
Raymond Baker appeals an order summarily denying his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). After Baker filed his notice of appeal, the trial court entered an order denying a motion for rehearing or reconsideration. We affirm, without comment, the trial court’s denial of Baker’s Rule 3.800 motion. However, we note that Baker’s mo *42 tion for rehearing and the trial court s denial of that motion are nullities. The order denying the motion for rehearing was entered without jurisdiction as Baker abandoned his motion when he filed the notice of appeal. See, e.g., Southers v. State, 961 So.2d 992 (Fla. 2d DCA 2007); see also In re Forfeiture of $101,591 in U.S. Currency, 589 So.2d 283 (Fla.1991); Loeb v. State, 387 So.2d 433, 435 (Fla. 3d DCA 1980) (recognizing that it is well established that the filing of a notice of appeal vests the appellate court with complete and exclusive jurisdiction).
Affirmed.