DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TYRONE ANTHONY JOHNSON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-3563

[January 7, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jeffrey Colbath, Judge; L.T. Case No. 2012CF012814AMB.

Carey Haughwout, Public Defender, and Gary Lee Caldwell, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Tyrone Anthony Johnson appeals his convictions for possession of marijuana with intent to sell within 1000 feet of a park, possession of MDMA with intent to sell within 1000 feet of a park, and possession of drug paraphernalia. We affirm without discussion the first issue raised by appellant. As to appellant's second issue on appeal regarding the trial court's denial of his second motion for new trial, we conclude that (1) appellant abandoned the motion when he filed a notice of appeal, thus divesting the trial court of jurisdiction to rule on the motion, and (2) appellant failed to appeal from the trial court's order denying his second motion for new trial.

On July 5, 2013, after the jury found appellant guilty of the drug offenses, defense counsel filed a timely Motion to Interview Jurors and Motion for New Trial. The trial court denied the motion because the alleged misconduct inhered in the verdict. On September 13, 2013, defense counsel filed a second motion for new trial, based on newly discovered evidence. On September 20, 2013, defense counsel filed a notice of appeal.

On October 16, 2013, the trial court entered its order denying the second motion for new trial.

Both parties agree that when appellant filed a notice of appeal, while his second Motion for New Trial was pending before the trial court, he abandoned the motion and divested the trial court of jurisdiction to rule on it. "[A] party abandons previously filed post-final judgment motions when he files a notice of appeal to review that very judgment." *In re Forfeiture of $104,591 in U.S. Currency*, 589 So. 2d 283, 285 (Fla. 1991); *see also Beyel Bros., Inc. v. Lemenze*, 720 So. 2d 556, 558 (Fla. 4th DCA 1998) ("[T]he filing of the notice of appeal divested the trial court of jurisdiction to hear a motion that pertained to the underlying final judgment."). If the trial court issues an order without jurisdiction, the order is a nullity. *Baker v. State*, 128 So. 3d 41, 41-42 (Fla. 3d DCA 2012).[1]

Furthermore, we lack jurisdiction to review the trial court's denial of appellant's second Motion for New Trial, because appellant did not file an amended notice of appeal of that order. *See Velickovich v. Ricci*, 391 So. 2d 258, 260 (Fla. 4th DCA 1980) ("This court cannot review judicial acts of a trial court taking place after the filing of a notice of appeal unless those judicial acts are themselves made the subject of a new notice of appeal or other appropriate appellate proceedings.").

*Affirmed.*

DAMOORGIAN, C.J., TAYLOR and CONNER, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

---

[1] We note that this case is not controlled by the newly adopted amendments to the appellate rule, which render this opinion obsolete. The rule now provides that a premature appeal does not abandon a pending motion for new trial. *See In re Amendments to the Florida Rules of Appellate Procedure*, 39 Fla. L. Weekly S665, 39 Fla. L. Weekly S775, 2014 WL 5714099 (Fla. Nov. 6, 2014)("Rule 9.020(i) is amended to eliminate the language providing that postjudgment motions are abandoned upon the filing of a notice of appeal. The amended rule will allow an appeal to be held in abeyance until disposition of a postjudgment motion.").