# Third District Court of Appeal

## State of Florida

Opinion filed March 9, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-519
Lower Tribunal No. 10-27673
_____

**Guy B. Bailey, Jr.,**
Petitioner,

vs.

**The State of Florida,**
Respondent.

A Case of Original Jurisdiction – Prohibition.

Metschlaw, P.A. and Lawrence R. Metsch, for petitioner.

Pamela Jo Bondi, Attorney General, and Shayne R. Burnham, Assistant Attorney General, for respondent.

Before EMAS, LOGUE, and SCALES, JJ.

LOGUE, J.

Defendant, Guy B. Bailey, Jr., petitions this court for a writ of prohibition. We deny the petition. Following a conviction of grand theft in the first degree, the trial court entered a sentencing order which specified:

> Defendant, Guy Bailey, is sentenced to six years' probation. In addition to all terms and conditions imposed upon probationers by general law, I impose the special condition of restitution, payable to [the victims] in the amount of $700,000.00. I hold out the prospect of early termination of probation after the special condition is completed if the defendant is otherwise in compliance with law. I must also impose the mandatory court costs of $703.

The State and the defendant then each filed timely notices of appeal. This court consolidated the appeals and although scheduled, oral argument on the appeal remains pending at the time of this writing.

A dispute arose between the State and the defendant as to whether monthly restitution payments were required under the sentencing order. While the appeal was pending, a probation violation affidavit and violation report were filed. The probation violation report contained the recommendation "that the offender's probation be modified to include a minimum monthly required payment." The defendant moved to stay the probation violation proceedings. The trial court denied the motion and scheduled the probation violation during the pendency of the underlying appeal. The defendant then filed a motion to cancel the probation violation hearing, arguing that the trial court lacked subject matter jurisdiction. The trial court denied the motion and this petition for writ of prohibition followed.

The State asserts that the defendant's failure to make monthly restitution payments constitutes a violation of probation. Because the alleged failure to make monthly restitution payments occurred after the imposition of the sentencing order, the trial court has jurisdiction to determine whether the failure to make monthly restitution payments is conduct constituting a violation of probation. Bush v. State, 369 So. 2d 674, 676-77 (Fla. 3d DCA 1979). In Bush, this Court addressed a case involving "subsequent conduct of the defendant in violation of an unstayed order of probation." Id. at 677. We held that "[u]nder these circumstances . . . the general rule that, during the pendency of any appeal, the trial court retains jurisdiction to enforce the terms of an unsuperseded judgment is applicable so as to confer authority upon the lower court to consider such an alleged violation and, if appropriate, to revoke the probation in question." Id. Given the facts before us, and the lack of a stay of the underlying sentencing order on appeal, we find Bush applicable and hold that the trial court has jurisdiction to proceed with the probation violation hearing.

However, we note that in the probation violation report dated December 21, 2015, the probation officer "recommend[ed] that the offender's probation be modified to include a minimum monthly required payment." The trial court is without jurisdiction to effectuate a modification of the sentencing order until such time as the appeal before this Court has been concluded. Salomon v. Sandstrom,

3

349 So. 2d 696, 697 (Fla. 3d DCA 1977) ("The circuit court had no jurisdiction in the instant case to modify the original five year probation order because a notice of appeal from the judgment of conviction had been perfected and was presently pending before this court."); see also Bush, 369 So. 2d at 676 ("In Salomon we held that the trial court could not unilaterally reconsider, amend, or revoke a probationary sentence after an appeal had been taken to review it.").

Accordingly, we deny the petition for writ of prohibition.