

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-89,032-01

### EX PARTE JOHN DEWAYNE WESTERMAN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 27595A IN THE 249TH DISTRICT COURT
### FROM JOHNSON COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was charged with this aggravated robbery in 1990, which was a first-degree felony. The indictment alleged a prior 1984 felony conviction for burglary of a building, then a second-degree felony, which was to enhance the punishment level to 15 to 99 years of life in prison. According to the judgment, Applicant pled guilty under a plea agreement for a 30-year sentence.

Applicant argues that the repeat-felon enhancement was improper, that trial counsel was ineffective for failing to investigate it, and that his guilty plea was involuntary. Applicant committed

the prior burglary of a building offense on April 10, 1984. He pled guilty and was placed on probation on August 3, 1984. The probation was revoked on July 28, 1986, and Applicant was sent to prison. The docket sheet states, "Plea of True; Revoke Probation - sentence [Applicant] to 8 yrs. in TDC subject to shock probation." On October 16, 1986, the trial court placed Applicant on shock probation for the burglary offense. According to the docket sheet, the shock probation was not revoked and was terminated on May 22, 1990.

According to the indictment in the aggravated robbery prosecution, Applicant committed the robbery offense on February 22, 1990. The indictment relied on the 1984 burglary of a building offense in its punishment-enhancement paragraph. However, the 8-year sentence imposed in that case was suspended, Applicant was placed on probation, and the probation was not revoked. This Court has long held, "A conviction in which the sentence is suspended is not such a final conviction as will support an enhancement of punishment, unless the suspension has been revoked." *Cromeans v. State*, 268 S.W.2d 133, 135 (Tex. Crim. App. 1954). "In 'shock' probation, when further execution of the sentence is suspended, the conviction becomes non-final for purposes of enhancement, and will not become final for such purposes unless revoked." *Ex parte Langley*, 833 S.W.2d 141, 143 (Tex. Crim. App. 1992). Thus, it appears from the current habeas record that, because the shock probation for the burglary offense was never revoked, there was not a final felony conviction for purposes of enhancement, and the prior burglary offense could not be used as a punishment enhancement in the aggravated robbery prosecution.

Additional fact-finding is needed to resolve the habeas claims. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall gather information regarding: (1) whether the prior burglary

of a building shock probation was revoked and whether it could be used as a punishment enhancement as was done; (2) if not, whether the State could have relied on another prior conviction to support the repeat-felon punishment enhancement, *Ex Parte Parrott*, 396 S.W.3d 531 (Tex. Crim. App. 2013); (3) if no punishment enhancement could have been properly applied, whether Applicant would have rejected the 30-year plea agreement for a more favorable plea deal or for trial, *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Rich*, 194 S.W.3d 508 (Tex. Crim. App. 2006); and (4) why Applicant delayed for many years before raising the habeas claims and whether the State has suffered material prejudice resulting from Applicant's delay, *Ex Parte Perez*, 398 S.W.3d 206, 215 (Tex. Crim. App. 2013).

The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law resolving the above issues. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must

be requested by the trial court and shall be obtained from this Court.

Filed: October 24, 2018
Do not publish